**In the Matter of J.R.B. and T.W.G., Minors Under the Age of Eighteen (18) Years.**

**No. S–907.**

Supreme Court of Alaska.

March 21, 1986.

Sen K. Tan, Asst. Public Defender, Anchorage, Dana Fabe, Public Defender, Anchorage, for appellant.

Deborah Howard, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

MATTHEWS, Justice.

In this case we are presented with questions concerning the standards of proof and the admissibility of hearsay in state parental rights termination proceedings conducted pursuant to the federal Indian Child Welfare Act (hereinafter ICWA), 25 U.S.C. §§ 1901–63 (1982).[1] We conclude that under the ICWA, the trial court need only apply a "beyond a reasonable doubt" standard of proof to its finding that continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child. The ICWA does not require the application of the reasonable doubt standard to those additional findings mandated by state law. We also conclude that the use of hearsay evidence in the disposition phase of parental rights termination proceedings as allowed by state law does not conflict with the ICWA.

## I. STANDARD OF PROOF

After a four day trial, Judge Ripley found that by clear and convincing evidence T.W.G. and J.R.B. were children in need of aid; that by clear and convincing evidence the mother's inability to care for her children was likely to continue; and that beyond a reasonable doubt the return of the children to the mother's custody was likely to result in serious emotional or physical damage to them. He ordered all parental rights terminated.

The mother argues that section 1912(f) of the ICWA requires that the reasonable doubt standard be applied to findings required by state law that the child is in need of aid as a result of parental conduct and that the harmful parental conduct is likely to continue. We disagree.

1. The parties agree that the children are Indian children for purposes of the ICWA. Hence, the

ICWA is applied in this proceeding.

Federal law preempts state law, first, if Congress expressly or implicitly declares the state law preempted, or, second, if the state law conflicts with the federal law to the extent that (a) it is impossible to comply simultaneously with both or (b) the state regulation obstructs the execution of the purpose of the federal regulation. *Webster v. Bechtel*, 621 P.2d 890, 897 (Alaska 1980). Looking to the "policy, intent, and context of the statute," *id.*, it is apparent that state law concerning placement of Indian children is not expressly or implicitly declared preempted. *See, e.g.*, 25 U.S.C. §§ 1902,[2] 1921[3] (Supp.1985).

■ The application of the clear and convincing standard to the findings that the child is in need of aid as a result of parental conduct and that the parental conduct is likely to continue also does not conflict with section 1912(f) of the ICWA. Section 1912(f) of the ICWA provides:

> No termination of parental rights may be ordered ... in the absence of a determination, supported by evidence beyond a reasonable doubt ... that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

Alaska Statute 47.10.080(c)(3) provides:

> If the court finds that the minor is a child in need of aid, it shall,
>
> . . . .
>
> by order, upon a showing in the adjudication by clear and convincing evidence that there is a child in need of aid under AS 47.10.010(a)(2) as a result of parental conduct and upon a showing in the disposition by clear and convincing evidence that the parental conduct is likely to continue to exist if there is no termination of

parental rights, terminate parental rights. . . .

Section 1912(f) looks to likely future harm to the child. Its plain language requires only a finding beyond a reasonable doubt of likely harm to the child with continued custody by the parent or Indian custodian. In contrast, AS 47.10.080(c)(3) is concerned with the present condition of the child and the likely future conduct of the parent. It requires a finding by clear and convincing evidence that the child is in need of aid as a result of parental conduct and that the parental conduct that placed the child in need of aid is likely to continue. The Alaska statute requires findings additional to that required by the ICWA, thus providing a level of protection to the parental rights beyond that provided by the ICWA, and is not preempted by the ICWA. *See* 25 U.S.C. § 1921, *supra* note 3.

## II. ADMISSIBILITY OF HEARSAY

At the beginning of the trial, Judge Ripley ruled that hearsay would be admissible in the disposition phase pursuant to Children's Rule 17. Alaska Statute 47.10.-080(c)(3) splits parental rights termination proceedings into an adjudicative phase, in which the trial court determines whether the child is in need of aid as a result of parental conduct, and a dispositive phase, in which the trial court determines whether the detrimental parental conduct is likely to continue. A parental rights termination proceeding under AS 47.10.080 is a children's proceeding in which the Alaska Children's Rules apply. *See* AS 47.10.010; Alaska R. Children's P. 1. Children's Rule 17(b) provides: "In the dispositive phase hearsay evidence may in the discretion of the court be employed to accomplish a fair and proper disposition of the matter."

> In any case where State or Federal law applicable to a child custody proceeding under State or Federal law provides a higher standard of protection to the rights of the parent or Indian custodian of an Indian child than the rights provided under [the Child Custody Proceedings Subchapter], the State or Federal court shall apply the State or Federal standard.

**2.** 25 U.S.C. § 1902 provides in pertinent part:
The Congress hereby declares that it is the policy of this Nation to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of *minimum Federal standards* for the removal of Indian children from their families. . . .
(emphasis added).

**3.** 25 U.S.C. § 1921 provides:

The mother appeals the trial court's ruling that hearsay was admissible. She contends that the classification in AS 47.10.-080(c)(3) of a decision to terminate parental rights as a disposition is "replaced by" the ICWA and that the termination decision is part of the adjudicative phase under the ICWA. She also argues that due process requires the exclusion of hearsay in parental rights termination proceedings. We disagree.

Interpreting the mother's first argument as a preemption claim, we again apply the *Webster* preemption criteria. Since Congress did not declare state rules and procedures used in parental rights termination proceedings preempted, we look for some conflict between the state law and the ICWA. Such a conflict may arise when (1) it is impossible to comply simultaneously with the dual regulation or (2) the state regulation obstructs the execution of the purpose of the federal regulation. *Webster*, 621 P.2d at 897. The ICWA is silent as to the applicable rules of evidence and, in particular, the admissibility of hearsay. The ICWA is also silent as to classification of some parts of the proceeding as an adjudication and other parts as a disposition. Hence, compliance with state law does not directly conflict with the ICWA. Our inquiry is narrowed to whether the state rule "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." 621 P.2d at 901.

In enacting the ICWA "Congress was concerned with two major goals: protecting the best interests of Indian children and promoting the stability and security of Indian tribes and families." *A.B.M. v. M.H.*, 651 P.2d 1170, 1172 (Alaska 1982) (citing H.R.Rep. No. 1386, 95th Cong., 2d Sess. 25–26 (1978), *reprinted in* 1978 U.S.

Code Cong. & Ad.News 7530), *cert. denied sub nom., Hunter v. Maxie*, 461 U.S. 914, 103 S.Ct. 1893, 77 L.Ed.2d 283 (1983). We believe that the admission of hearsay evidence in the dispositive phase, in the sound discretion of the trial court, is consistent with these objectives. Alaska has similar goals with respect to its children's proceedings: protecting the welfare of the child, while, to the maximum extent possible, preserving existing family relationships. Alaska Statute 47.05.060.[4] The discretionary use of hearsay evidence by the trial court has been found to serve rather than frustrate these stated goals, and there is no reason to expect a different result with respect to the federal goals. *See* AS 47.10.-081(b); *Matter of S.D., Jr.*, 549 P.2d 1190, 1201–02 (Alaska 1976).

Further, we note that § 1912(c) of the ICWA provides:

> Each party to a foster care placement or termination of parental rights proceeding under state law involving an Indian child shall have a right to examine all reports or other documents filed with the court upon which any decision with respect to such action may be based.

While this section seems to apply only to written reports, it suggests that the admission of such reports, which are hearsay themselves and which often contain statements of others is contemplated by the ICWA. We conclude that the admission of hearsay in the dispositive phase of the parental rights termination proceeding is not preempted by the ICWA.

Likewise, we conclude that the discretionary use of hearsay does not violate the parents' constitutional rights to due process of law. While a parental rights termination proceeding interferes with a fundamental liberty interest of the parent, *Santosky v. Kramer*, 455 U.S. 745, 753–54,

---

**4.** Alaska Statute 47.05.060 provides:
The purpose of this title as it relates to children is to secure for each child the care and guidance, preferably in the child's own home, that will serve the moral, emotional, mental, and physical welfare of the child and the best interests of the community; to preserve and strengthen the child's family ties whenever

possible, removing the child from the custody of the parents only as a last resort when the child's welfare or safety or the protection of the public cannot be adequately safeguarded without removal; and, when the child is removed from the family, to secure for the child adequate custody and care.

**1174**

102 S.Ct. 1388, 1394–95, 71 L.Ed.2d 599, 606 (1982), the discretionary use of hearsay in the dispositive phase of such proceedings, subject to review for abuse of discretion, is consistent with fundamental fairness. *Cf. Williams v. New York,* 337 U.S. 241, 249–52, 69 S.Ct. 1079, 1084–86, 93 L.Ed. 1337, 1343–44 (1949) (due process is not violated when sentencing judge uses out of court information in imposing death sentence; judge should have access to the best available information); *Stein v. New York,* 346 U.S. 156, 196, 73 S.Ct. 1077, 1098, 97 L.Ed. 1522, 1548 (1953) (hearsay evidence rule, with all its subtleties, anomalies, and ramifications, will not be read into the fourteenth amendment).

Upon reviewing the record, we find no abuse of discretion in the trial court's admission of hearsay in this case. In the course of the proceeding some hearsay was admitted for all purposes, some was admitted only to show a basis for action that the witness took, and some was ruled inadmissible.

 The mother objects to the trial court's ruling allowing the social workers and counselors who had worked with the family to testify as to information received from other caseworkers. The record indicates that this evidence was incidental to the witnesses' non-hearsay testimony based on their first-hand observations and the mother's statements to them, and that it was not a primary basis for the trial court's decision. We also note that had these witnesses' testimony been offered as expert opinions, the trial court could have admitted the hearsay as part of the basis for their opinions. Alaska R.Evid. 705(c).

▪ The mother also objects to the introduction of documentary evidence of doctors' evaluations of the mother where the doctors themselves did not testify. Again it appears that these evaluations were not a primary basis for the trial court's decision. Moreover, such documents come within the ambit of 25 U.S.C. § 1912(c) (1982), providing that "[e]ach party ... shall have a right to examine all reports or other documents filed with the court upon which any decision with respect to such action may be based." The mother does not contend that she was denied examination of the documents, or that she requested and was denied the opportunity to take the depositions of the doctors who wrote the reports.

In sum, from the record of this case we find no abuse of discretion in the trial court's admission of hearsay.

We AFFIRM the order of the superior court.