912 P.2d 1002 (1996)
State of Utah, in the interest of S.A.E. and K.L.E., persons under eighteen years of age.
K.E., Appellant,
v.
STATE of Utah, Appellee.
No. 950297-CA.
Court of Appeals of Utah.
February 29, 1996.
Kent E. Snider, Ogden, UT, for Appellant.
Annina M. Mitchell, Deputy Solicitor General, Karl Perry, Civil Appeals Division, Salt Lake City, UT, for appellee.
Elizabeth M. Knight, Diane Balmain, Guardian Ad Litem, Salt Lake City, Utah.
*1003 Division of Family Services, Brigham City, UT, Guardian Ad Litem.
Before ORME, JACKSON, and WILKINS, JJ.
JACKSON, Judge:
K.E. challenges the trial court's order terminating her parental rights to S.A.E. and K.L.E.. K.E. contends the Federal Indian Child Welfare Act, 25 U.S.C. §§ 1901-1963 (1994) (ICWA), applies to the State's petition for termination of her parental rights. The State concedes the ICWA applies and the trial court's order must be vacated. We reverse and remand.

FACTS
Following several years of involvement with K.E. and her children, the State filed a petition to terminate K.E.'s parental rights to her two youngest children, S.A.E. and K.L.E., based on neglect, abuse, unfitness, and incompetence. K.E. was not married to the biological fathers of the two children and paternity has not been judicially established. K.E. and the two children are enrolled members of the Northwest Band of the Shoshoni Nation (Tribe). After receiving actual notice of the state proceeding, the Tribe declined to assert jurisdiction.
At trial on the State's petition, neither K.E. nor the State mentioned the ICWA or its requirements regarding qualified expert witnesses, burden of proof, and special findings. The trial court therefore took no evidence relevant to those issues and entered no special findings. However, the trial court, as required by state law, found by clear and convincing evidence predicate facts establishing the alleged grounds for termination of K.E.'s parental rights. The trial court's order also terminated the parental rights of the two putative fathers. Neither father appealed the judgment.

ISSUE ON APPEAL
K.E. does not challenge any of the trial court's factual findings regarding her unfitness, her neglect of the children, or the State's unsuccessful rehabilitative efforts. K.E.'s arguments relate only to the application and proper interpretation of the ICWA. K.E. contends the ICWA requires the State to prove all allegations in termination proceedings with qualified expert witness testimony and beyond a reasonable doubt. The State responds the ICWA imposes a single additional requirement beyond state law and only that specific requirement must be proven with qualified expert witness testimony and beyond a reasonable doubt.
The State concedes the ICWA applies in this case and urges us to remand for entry of a new order in accordance with the ICWA. We could dispose of this appeal without discussion. However, the parties have briefed and argued a question of law that is one of first impression in Utah. Accordingly, we address the proper interpretation of the ICWA to offer guidance to the parties and the trial court on remand. See State v. Emmett, 839 P.2d 781, 786 (Utah 1992).

THE INDIAN CHILD WELFARE ACT
Congress enacted the ICWA in 1978 and expressly declared the policy supporting the legislation. The ICWA was adopted
to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture.
25 U.S.C. § 1902 (1994); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 32-37, 109 S.Ct. 1597, 1599-602, 104 L.Ed.2d 29 (1989) (discussing ICWA's legislative history); In re Halloway, 732 P.2d 962, 965-66 (Utah 1986) (discussing ICWA's relationship to state law). The ICWA creates federal standards for child custody proceedings concerning Indian children, specifically foster care placement, preadoptive placement, adoptive placement, and termination of parental rights proceedings. See 25 U.S.C. § 1903(1) (1994). The ICWA defines Indian children as unmarried persons under the age of eighteen who either are enrolled members of an Indian tribe or are eligible for membership *1004 and biological children of a member of an Indian tribe. See id. § 1903(4).
The ICWA articulates the following requirement for termination of parental rights proceedings:
No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.
Id. § 1912(f). The ICWA thus imposes an additional requirement beyond state law for termination of parental rights proceedings involving Indian children. A trial court must make a determination that "continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." Id. That determination must be supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses.
The ICWA does not require that Utah's statutory grounds for termination of parental rights be proven beyond a reasonable doubt. The ICWA does not preempt any state law grounds for termination of parental rights or impose a single burden of proof on all supporting findings in termination proceedings in which it applies. On the contrary, the ICWA expressly provides for continued viability of state laws that impose differing standards of protection to the rights of the parent or Indian custodian. See id. § 1921. Accordingly, state requirements for termination must be supported by clear and convincing evidence, see Utah Code Ann. § 78-3a-310 (Supp.1995), while the federal requirement that continued custody by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child must be supported by evidence beyond a reasonable doubt, see 25 U.S.C. § 1912(f) (1994).
Our sibling states have recognized, that in child custody proceedings where the ICWA applies, "a dual burden of proof is created in which the state provisions and federal provision[] must be satisfied separately." In re Bluebird, 105 N.C.App. 42, 411 S.E.2d 820, 823 (1992); see also In re J.R.B., 715 P.2d 1170, 1171-72 (Alaska 1986) (discussing relationship between state and federal law requirements for termination proceedings in context of ICWA); In re N.S., 474 N.W.2d 96, 99 (S.D.1991) (same); In re D.S.P., 166 Wis.2d 464, 480 N.W.2d 234, 238-39 (1992) (same). The ICWA requires a specific finding for termination proceedings in addition to those required by state law and imposes a separate burden of proof for that finding.
Similarly, the Bureau of Indian Affairs (BIA) has long interpreted the ICWA's specific finding for termination proceedings as supplemental to state-required findings and as the only finding that must be proven beyond a reasonable doubt. In a set of guidelines to state courts, the BIA states:
[Under the ICWA, a] child may not be removed simply because there is someone willing to raise the child who is likely to do a better job or that it would be "in the best interests of the child" for him or her to live with someone else. Neither can a placement or termination of parental rights be ordered simply based on a determination that the parents or custodians are "unfit parents." It must be shown that it is dangerous for the child to remain with his or her present custodian. Evidence of that must be "clear and convincing" for placements and "beyond a reasonable doubt" for terminations.

Department of the Interior, Bureau of Indian Affairs, "Guidelines for State Courts; Indian Child Custody Proceedings," reprinted in 44 Fed.Reg. 67,584, 67,593 (1979) (emphasis added).
The BIA guidelines also clarify the ICWA's requirement of qualified expert witness testimony. "[T]he issue on which qualified expert testimony is required is the question of whether or not serious damage to the child is likely to occur." Id. (emphasis added). Therefore, the ICWA only requires the State to present qualified expert testimony "on the issue of whether serious harm to the Indian child is likely to occur if the child is not removed from the home." In re C.W., 239 Neb. 817, 479 N.W.2d 105, 111 (1992).
*1005 Furthermore, the BIA guidelines list the following characteristics as those most likely to qualify a witness as an expert under the ICWA:
(i) A member of the Indian child's tribe who is recognized by the tribal community as knowledgeable in tribal customs as they pertain to family organization and childrearing practices.
(ii) A lay expert witness having substantial experience in the delivery of child and family services to Indians, and extensive knowledge of prevailing social and cultural standards and childrearing practices within the Indian child's tribe.
(iii) A professional person having substantial education and experience in the area of his or her specialty.
Bureau of Indian Affairs, supra, 44 Fed.Reg. at 67,593. The list is not exhaustive but nonetheless helpful, and trial courts should consider it when determining whether a witness is a qualified expert under the ICWA. Accord In re D.S.P., 480 N.W.2d at 240. We note that professionals having substantial education and experience in child welfare might well qualify as expert witnesses under ICWA, even though their experience with Indians is limited. See In re Kreft, 148 Mich.App. 682, 384 N.W.2d 843, 846-48 (1986); In re C.W. 479 N.W.2d at 111-12.
In sum, the ICWA imposes an additional federal requirement for parental right termination proceedings involving Indian children. Petitioners in such proceedings must prove beyond a reasonable doubt and with qualified expert witness testimony that "continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." 25 U.S.C. § 1912(f) (1994). Thus, for cases in which the ICWA applies, petitioners must prove the state law grounds for termination by clear and convincing evidence, see Utah Code Ann. § 78-3a-310 (Supp.1995), and must prove the additional federal requirement beyond a reasonable doubt, see 25 U.S.C. § 1912(f) (1994). The requirements for termination under state law and the additional requirement under federal law must each be met; however, those requirements are met under separate burdens of proof.

CONCLUSION
The ICWA applies to the State's petition against K.E.. Accordingly, we reverse the trial court's order terminating K.E.'s parental rights to S.A.E. and K.L.E. We remand the matter to the trial court for further proceedings consistent with this opinion and entry of a new ruling on the State's petition.
WILKINS, Judge (concurring):
I concur completely in the main opinion.
The Indian Child Welfare Act (ICWA) clearly requires additional evidence be taken as provided in 25 U.S.C. § 1912(f). Where, as in this case, the trial court failed to take additional evidence, 25 U.S.C. § 1914 grants the Indian child, the Indian child's parent, and the Indian child's tribe, the right to petition any court of competent jurisdiction to remedy the error. In addition, Rule 48 of the Utah Rules of Juvenile Procedure adopts the provisions of Rules 52, 59, and 60 of the Utah Rules of Civil Procedure that allow a party to seek a new hearing on a case from the trial court.
In this case, neither the appellant nor the State alerted the trial court to the applicable requirements of the ICWA. Additionally, neither party asked the trial court to correct the error once it was discovered. As conceded at oral argument before this court, appellant was aware of the court's failure to take the necessary evidence and make the necessary findings required by the ICWA immediately after the trial concluded, and prior to the entry of the written order now appealed.
It seems to me a safe presumption that the trial judge, had he been given an opportunity to consider the impact of the ICWA on this case, would have taken appropriate corrective action without the need of direction from this court. Prompt and formal application to the trial court would have saved considerable expense, time, and difficulty for all involved. It also would have served the best interests of the two children, whose future is at issue in this case, by allowing resolution of this question one year earlier than has been possible through the mechanism of an appeal. *1006 With our decision today, we remand this action to the trial court to do exactly that which could have been done in February 1995 at the close of the trial, had anyone asked.
Hopefully, in future cases involving Indian children and the termination of parental rights, the State and counsel for the parents will alert the trial court to the ICWA and its impact. Failing that, prompt application to the trial court for correction of such an error will better serve all concerned.
ORME, J., concurs.