SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| VALERIE M., | ) Arizona Supreme Court |
| | ) No. CV-08-0252-PR |
| Appellant, | ) |
| | ) Court of Appeals |
| v. | ) Division One |
| | ) No. 1 CA-JV 07-0033 |
| ARIZONA DEPARTMENT OF ECONOMIC | ) |
| SECURITY, KAYDEE V., RANDY V., | ) Maricopa County |
| ZACHARY V., | ) Superior Court |
| | ) No. JD13827 |
| Appellees. | ) |
| | ) |
| | ) |
| | ) **O P I N I O N** |
| _____ | ) |

Appeal from the Superior Court in Maricopa County
The Honorable Frank A. Johnson, Judge Pro Tempore

_____

Opinion of the Court of Appeals, Division One
219 Ariz. 155, 195 P.3d 192 (App. 2008)

**AFFIRMED**
_____

SANDRA L. MASSETTO, ATTORNEY AT LAW                         Phoenix
     By   Sandra L. Massetto
Attorney for Valerie M.

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                      Tucson
     By   Dawn R. Williams, Assistant Attorney General
Attorneys for Arizona Department of Economic Security
_____

**B A L E S**, Justice

¶1      Under Arizona law, parental rights may be terminated
if clear and convincing evidence establishes a statutorily

identified ground, such as abandonment or neglect, and a preponderance of the evidence shows that termination is in the child's best interests. We hold that the Indian Child Welfare Act ("ICWA"), 25 U.S.C. §§ 1901 to 1963 (2000), does not require these state-law findings to be made by a higher standard of proof in cases involving Indian children.

### I. FACTS AND PROCEDURAL BACKGROUND

¶2 This case concerns the termination of the parental rights of Valerie M. as to her children Kaydee V., Randy V., and Zachary V. Because Valerie M. is a member of the Cherokee Nation and her children are eligible for tribal membership, the proceedings are subject to ICWA's requirements. *See* 25 U.S.C. § 1903(4) (defining "Indian child"). On the petition of the Arizona Department of Economic Security ("ADES"), and after notice to the Cherokee Nation and the Bureau of Indian Affairs, the juvenile court determined that the children were dependent as to both their mother and father. ADES later moved to terminate the rights of the parents on multiple grounds under Arizona Revised Statutes ("A.R.S.") section 8-533(B) (Supp. 2005). Neither the parents nor the Cherokee Nation sought to transfer the proceedings to a tribal court; the Cherokee Nation agreed that termination of Valerie M.'s parental rights was warranted.

¶3 ICWA requires a state court to make two particular

2

findings before terminating the parental rights for an Indian child. The court must be persuaded that "active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful." 25 U.S.C. § 1912(d). There must also be "a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child." *Id.* § 1912(f).

¶4　　The juvenile court terminated the father's parental rights after finding beyond a reasonable doubt the alleged state-law grounds for termination, the best interests of the children, and the findings required by ICWA. ADES did not object to the court's applying the reasonable doubt standard to each of the required findings.

¶5　　Valerie M. demanded a jury trial on the termination of her parental rights as then allowed by Arizona statute. (The legislature eliminated the right to jury trial in termination proceedings effective January 1, 2007. 2003 Ariz. Sess. Laws, ch. 6, § 10 (2d Spec. Sess.) (codified at A.R.S. § 8-537 (2007)). She requested that the jury be instructed that it must find both the state-law findings and the ICWA findings beyond a

reasonable doubt. At the request of ADES, the juvenile court instead instructed the jury to apply the clear and convincing evidence standard to the state-law grounds for termination, the preponderance of the evidence standard to the best interest finding, and the reasonable doubt standard to the ICWA findings. The jury returned a verdict terminating the mother's parental rights.

¶6 On appeal, Valerie M. argued that proof beyond a reasonable doubt was required for the state-law findings. She primarily argued that ICWA requires the higher burden of proof. She also argued that this burden should apply under the law of the case doctrine because the juvenile court had applied a reasonable doubt standard in terminating the father's rights.

¶7 The court of appeals affirmed. *Valerie M. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 155, ___ ¶ 1, 195 P.3d 192, 193 (App. 2008). The court noted that ICWA by its terms does not impose the reasonable doubt standard for state-law findings in termination proceedings. Consistent with the weight of authority from other states, the court held that ICWA instead allows a "dual burden" of proof: reasonable doubt for the ICWA findings and a lesser standard for findings required by state law. *Id*. at ___ ¶ 14, 195 P.3d at 196. The court also rejected Valerie M.'s argument that a reasonable doubt standard was required by Arizona Rule of Procedure for the Juvenile Court

4

66(C).  *Id*. at ___ ¶ 22, 195 P.3d at 199.  Although Rule 66(C) states that the allegations in a termination proceeding involving an Indian child must be proved beyond a reasonable doubt, the court of appeals held that the rule is invalid "insofar as it imposes a higher burden of proof in termination cases" than A.R.S. §§ 8-537(B) and -863(B) require.  *Id*. Finally, the court held that the law of the case doctrine did not require applying the reasonable doubt standard to the state-law findings.  *Id.* at ___ n.6 ¶ 23, 195 P.3d at 199 n.6.

¶8        We granted review to clarify the standard of proof for the state-law termination grounds and the child's best interests in cases subject to ICWA.  We also granted review to decide whether the reasonable doubt standard should apply here under the law of the case doctrine, but upon further consideration we dismiss our review on this issue as improvidently granted.  We have jurisdiction under Article 6, Section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II. DISCUSSION

¶9        In Arizona, terminations of parent-child relationships are governed by A.R.S. §§ 8-531 to -544.  The fact finder must find one or more of the grounds for termination listed in § 8-533(B) by clear and convincing evidence.  A.R.S. § 8-537(B) (Supp. 2005).  In addition, the fact finder must find by a preponderance of the evidence that the termination of the

parent-child relationship is in the best interests of the child. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284 ¶ 22, 110 P.3d 1013, 1018 (2005).

¶10    The issue here is whether ICWA imposes a reasonable doubt standard for these state-law findings in a case involving an Indian child.  We review issues of statutory interpretation de novo.  In interpreting ICWA, we attempt to give effect to the will of Congress as expressed in the statutory language, which we construe liberally in favor of the interest in preserving tribal families.  *Steven H. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 566, 570 ¶ 14, 190 P.3d 180, 184 (2008).  If ICWA imposes a higher standard of proof, then federal law controls over state law.  *See* 25 U.S.C. § 1921 (stating that court shall apply law, state or federal, that provides higher standard of protection to rights of parent or Indian guardian in a child custody proceeding involving Indian child); A.R.S. § 8-815(B) (stating that court and parties shall meet all requirements of ICWA "not prescribed" by state statutes).

¶11    ICWA's only specific directive concerning the burden of proof in termination proceedings appears in 25 U.S.C. § 1912(f), which applies the reasonable doubt standard to proof that "continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child."  Valerie M. does not argue that ICWA

6

expressly requires the state-law findings to be made beyond a reasonable doubt. Rather, she argues that we should interpret ICWA as requiring proof beyond a reasonable doubt for all required findings, whether imposed by federal or state law, to terminate parental rights for an Indian child.

¶12 Congress enacted ICWA in 1978 based on concerns that Indian families and tribes were threatened by alarmingly high rates of removal of Indian children from them by non-tribal entities, including state courts. *Id*. § 1901; *Steven H.*, 218 Ariz. at 570 ¶ 11, 190 P.3d at 184. In response, ICWA allocates jurisdiction between tribal and state courts over Indian child custody cases and mandates certain procedural safeguards and substantive requirements for state court proceedings.

¶13 Among other things, ICWA provides that tribal courts generally have exclusive jurisdiction for child custody proceedings involving Indian children who reside or are domiciled within the reservation. 25 U.S.C. § 1911(a). For other Indian children, ICWA provides that state court child custody proceedings may be transferred to tribal court upon the petition of either parent or the tribe, but that such transfer will not occur upon either parent's objection, declination by the tribal court, or the state court's determination that there is good cause not to transfer the case. *Id*. § 1911(b).

¶14 ICWA thus contemplates that state courts will continue

to adjudicate custody cases involving Indian children. In these cases, ICWA mandates certain procedural protections, such as intervention rights for the Indian child's tribe, *id.* § 1911(c), rights to notice for the parent or Indian custodian and the tribe, *id.* § 1912(a), and a right to appointed counsel for indigent Indian parents or custodians, *id.* § 1912(b). ICWA also imposes two substantive requirements in termination cases: the court must be persuaded that "active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have been unsuccessful," *id.* § 1912(d), and, as noted above, there must be proof beyond a reasonable doubt that continued custody will likely result in serious damage to the child, *id.* § 1912(f).

¶15    Valerie M. argues that applying a reasonable doubt standard to state-law findings is appropriate because doing so would promote ICWA's goals and would avoid inconsistent standards depending on the state in which the custody of an Indian child is adjudicated. She also argues that the Arizona legislature has expressed its intent to apply the higher federal standard by enacting A.R.S. § 8-872(F) (Supp. 2008), which provides that the burden of proof in guardianship cases involving Indian children shall be beyond a reasonable doubt instead of the otherwise applicable clear and convincing

standard.

¶16     We do not believe that Congress intended to apply the reasonable doubt standard to state-law findings. Several considerations support our conclusion. ICWA expressly provides that certain "minimum Federal standards" apply in state court custody proceedings involving Indian children. 25 U.S.C. § 1902. Congress did not displace state law in favor of uniform standards; instead it recognized that federal requirements would be in addition to state law requirements, which will themselves prevail over federal law if they are more protective of parental rights. *Id.* § 1921.

¶17     Congress thus contemplated that procedures in Indian child custody cases would vary among the states. Indeed, apart from ICWA's minimum requirements, Congress left to the states the identification of the grounds for termination, an important substantive issue. That Congress did not expressly address the burden of proof applicable to findings required by state law suggests that this was not an issue on which Congress thought a minimum federal standard was necessary.

¶18     As noted by the court of appeals, nearly every other state court that has considered this issue has concluded that ICWA allows states to specify the standard of proof for state-law findings distinct from the findings required by ICWA. *See In re J.R.B.*, 715 P.2d 1170, 1171 (Alaska 1986); *People ex rel.*

9

*C.A.J.*, 709 P.2d 604, 606 (Colo. Ct. App. 1985); *In re H.A.M.*, 961 P.2d 716, 721 (Kan. Ct. App. 1998); *In re Denice F.*, 658 A.2d 1070, 1072-73 (Me. 1995); *In re Elliott*, 554 N.W.2d 32, 38 (Mich. Ct. App. 1996); *In re Interest of Walter W.*, 744 N.W.2d 55, 60-61 (Neb. 2008); *In re N.Y.C. Dep't. of Soc. Servs. v. Oscar C.*, 600 N.Y.S.2d 957, 960-61 (App. Div. 1993); *In re Bluebird*, 411 S.E.2d 820, 823 (N.C. Ct. App. 1992); *In re M.S.*, 624 N.W.2d 678, 681 (N.D. 2001); *In re Adoption of R.L.A.*, 147 P.3d 306, 310 (Okla. Civ. App. 2006); *K.E. v. State*, 912 P.2d 1002, 1004 (Utah Ct. App. 1996); *In re Dependency of Roberts*, 732 P.2d 528, 531 (Wash. Ct. App. 1987); *In re Interest of D.S.P.*, 458 N.W.2d 823, 829 (Wis. Ct. App. 1990).

¶19     Valerie M.'s argument based on the state guardianship statute is also unpersuasive.  That statute does not address the burden of proof in termination cases.  At most, A.R.S. § 8-872(F) shows that the legislature has specified when it intends to impose a higher burden of proof for cases involving Indian children.  That the legislature has imposed a higher standard for guardianships, which do not sever all parental rights, than for terminations does appear somewhat anomalous, but it does not show that the legislature intended the reasonable doubt standard to apply in termination cases when the applicable statutes provide otherwise.

¶20     Having concluded that ICWA does not require a higher

10

standard of proof than does A.R.S. § 8-537(B) and -863(B), the court of appeals also considered whether Rule 66(C) imposes a "reasonable doubt" standard. Rule 66(C) provides:

> The moving party or petitioner has the burden of proving the allegations contained in the motion or petition by clear and convincing evidence or, *in the case of an Indian child, beyond a reasonable doubt.* In addition, if the child is an Indian child, the moving party or petitioner must also prove, beyond a reasonable doubt, including testimony from a qualified expert witness, that continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child. The petitioner must prove beyond a reasonable doubt that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that those efforts have proven unsuccessful.

(Emphasis added).

¶21    The court of appeals was correct in concluding that Rule 66(C) cannot mandate a higher burden of proof for the state-law findings than is required by Arizona statutes. Because the legislature is empowered to set burdens of proof as a matter of substantive law, a valid statute specifying the burden of proof prevails over common law or court rules adopting a different standard. *See, e.g.*, *State v. Fletcher*, 149 Ariz. 187, 191-92, 717 P.2d 866, 870-71 (1986) (recognizing legislature's authority to modify common law and require defendant to prove insanity by clear and convincing evidence).

¶22    With the benefit of hindsight, we recognize that the

11

language of Rule 66(C) should not have embraced an evidentiary standard higher than required by Arizona statutes. Although this Court has the final say in interpreting procedural rules, and only this Court can revise its prior interpretation of a rule, *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 420 ¶ 10, 189 P.3d 344, 347 (2008), our adoption of a rule is not an adjudication of its validity. *See Scheehle v. Justices of the Supreme Court*, 211 Ariz. 282, 298, 120 P.3d 1092, 1108 (2005). Confronted with the argument that Rule 66(C) impermissibly conflicts with state statutes, the court of appeals correctly held that the statutes prevail in setting the burden of proof.

### III. CONCLUSION

**¶23** In this termination case governed by ICWA, the juvenile court did not err by instructing the jury that the state-law grounds for termination must be proved by clear and convincing evidence and that the Indian child's best interests must be proved by a preponderance of the evidence. We affirm the opinion of the court of appeals.

_____
W. Scott Bales, Justice

CONCURRING:

_____
Ruth V. McGregor, Chief Justice

12

_____
Rebecca White Berch, Vice Chief Justice


_____
Michael D. Ryan, Justice


_____
Andrew D. Hurwitz, Justice