NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

JAMIE R.,
*Appellant*,

v.

DEPARTMENT OF CHILD SAFETY, J.R.,
*Appellees*.

No. 1 CA-JV 21-0382
FILED 7-21-2022

Appeal from the Superior Court in Maricopa County
No. JD39276
The Honorable Christopher Whitten, Judge

**AFFIRMED**

COUNSEL

Denise L. Carroll, Esq., Scottsdale
By Denise L. Carroll
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Dawn Rachelle Williams
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge Jennifer M. Perkins joined.

---

**W E I N Z W E I G**, Judge:

¶1        Jamie R. ("Mother") appeals from the superior court's order terminating her parental rights to her son.  We affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        This appeal concerns Mother's parental rights to her son Jackson.  Mother has a daughter, Jasmine, who was found dependent in a separate action.  To protect the children's identities, we have used pseudonyms.

¶3        Jackson was born in February 2018.  When Jackson was four months old, Mother took him to a hospital emergency room; he was shaking, vomiting and acting "fussy."  The infant tested positive for methamphetamines.  Mother had used this drug before the child was born, but she denied having it in her home, and claimed not to know how Jackson could have ingested the drugs.  The hospital alerted the Department of Child Safety, but Mother and Jackson left before DCS arrived.  From there, DCS could not find Mother and thus closed the case.

¶4        Mother resurfaced two years later. She and Jackson had taken refuge at a Phoenix domestic violence shelter, where Mother twice tested positive for methamphetamines.  When confronted about the drug test tests, Mother panicked and abruptly fled with Jackson.

¶5        Shortly thereafter, Mother's boyfriend called 911 to report that Jackson had swallowed methamphetamines in his home.  DCS learned about this report, along with a second report that Jackson had been locked out of the home and possibly bitten by a coyote.  DCS discovered that Mother and her boyfriend had a history of domestic violence.  Indeed, Mother had secured an order of protection against him.

¶6        DCS removed Jackson from the home and filed for dependency, alleging chronic substance abuse and domestic violence.  The superior court found Jackson dependent because of Mother's substance

abuse and approved a reunification case plan. The court also ordered Mother to complete various services.

¶7        Over the next 15 months, DCS offered many services to Mother, including multiple referrals to treatment programs for her substance abuse, drug testing, counseling, case-plan staffing, parent-aide services, supervised visitation, team support meetings, psychological assessments, therapeutic consultations and complimentary transportation. Mother seldom partook in the services. She also tested positive for methamphetamines when Jasmine was born in August 2021.

¶8        After Jasmine was removed, Mother regularly attended the treatment services and interacted with her case worker, but she continued to miss drug tests in the weeks before the severance hearing.

¶9        At the December 2021 severance hearing, the court heard from Mother and the assigned DCS case manager. Mother denied she had a drug problem and insisted she did not need substance abuse treatment. Mother claimed she had been clean for four months, but admitted to missing multiple drug tests.

¶10        The court terminated Mother's parental rights. It found DCS provided clear and convincing evidence for termination on grounds of chronic substance abuse and fifteen months' time-in-care, and that termination was in Jackson's best interests. While commending Mother's recent recovery efforts, the court described them as "too little [and] too late" because Jackson needed permanence and stability. Mother timely appealed the termination order. We have jurisdiction. *See* A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1); Ariz. R. Pro. Juv. Ct. 103(A).

## DISCUSSION

¶11        Parents have a fundamental liberty interest in the care and custody of their children, but that interest is not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248, ¶¶ 11-12 (2000). The superior court may terminate parental rights if it finds, by clear and convincing evidence, a statutory ground for termination under A.R.S. § 8-533(B), and, by a preponderance of the evidence, that termination is in the child's best interests. *Valerie M. v. Ariz. Dep't of Econ. Sec.*, 219 Ariz. 331, 334, ¶ 9 (2009). DCS must also show it made diligent efforts to reunify the family when seeking termination based on substance-abuse or time-in-care grounds. A.R.S. § 8-533(B)(8)(c) (15 months' time-in-care); *Jennifer G. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 450, 453, ¶ 12 (App. 2005) (history of chronic substance abuse). We will affirm the court's termination order unless clearly

erroneous, accepting the court's factual findings if reasonable evidence supports them. *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3, ¶ 9 (2016).

¶12 For termination based on prolonged substance abuse, DCS must offer clear and convincing evidence that (1) Mother has a history of chronic abuse of controlled substances; (2) Mother cannot discharge parental responsibilities due to her chronic substance abuse; and (3) reasonable grounds exist to believe that her condition will continue for a prolonged and indeterminate period. *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 15 (App. 2010).

¶13 The record contains reasonable evidence to support the superior court's findings. Mother has abused methamphetamines since 2017 and tested positive for the drug in 2018 and 2020, twice exposing Jackson to methamphetamines, but she continued using the drug. She tested positive on the date her daughter was born. She thrice closed out unsuccessfully from substance-abuse treatment programs. She missed counseling appointments, drug tests and scheduled visits; and she skipped four substance-abuse tests in the weeks before her severance trial. She also denied having a substance use disorder or needing services.

¶14 Mother contends DCS never proved she could not parent in the near future, or that she received enough time to fix the problem. We disagree. Like the superior court, we commend Mother for her recent efforts, but her brief and belated abstinence cannot negate a long history of substance abuse when coupled with her missed drug tests and history of denial. *Raymond F.*, 224 Ariz. at 379, ¶ 29 ("[A] temporary abstinence from drugs and alcohol does not outweigh [a parent's] significant history of abuse or [a] consistent inability to abstain.").

¶15 Mother also challenges the best-interest finding. "[A] determination of the child's best interest must include a finding as to how the child would benefit from a severance *or* be harmed by the continuation of the relationship." *Maricopa Cty. Juv. Action No. JS-500274*, 167 Ariz. 1, 5 (1990). Courts may consider a "child's adoptability and the parent's rehabilitation." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 148, ¶ 1 (2018).

¶16 Reasonable evidence supports the superior court's finding that Jackson would benefit from the severance. The court found that his foster family was meeting his needs and intended to adopt him. It also found that prolonging the parent-child relationship would harm Jackson because Mother has "historically put [her] own interests in using drugs ahead of [Jackson's] interests in having a stable and safe home." In the end,

Jackson's "interest in permanency must prevail over [Mother's] uncertain battle with drugs." *Jennifer S. v. Ariz. Dep't of Econ. Sec.*, 240 Ariz. 282, 287, ¶ 17 (App. 2016).

**CONCLUSION**

**¶17**　　　　We affirm the termination order on the ground of substance abuse and, therefore, do not reach the time-in-care ground. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002).



AMY M. WOOD • Clerk of the Court
FILED:　　AA