# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

—————————————————

Case No. 6D2025-1795
Lower Tribunal No. 2023-DP-49

—————————————————

In the Interest of A.H. and K.W., children.

S.H.,

Appellant,

v.

DEPARTMENT OF CHILDREN AND FAMILIES and GUARDIAN AD LITEM,

Appellees.

—————————————————

Appeal from the Circuit Court for Osceola County.
Tom Young, Judge.

January 9, 2026

NARDELLA, J.

The Mother, S.H., appeals from a judgment terminating her parental rights to her children, one of whom, K.W., is an "Indian child" under the Indian Child Welfare Act ("ICWA").[1]  We affirm the judgment in all respects but write to address the

---

[1] An "Indian child" is defined by the ICWA as an "unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe."  25 U.S.C.A. § 1903(4).

Mother's argument on the proper burden of proof in cases concerning an Indian child.

In a termination of parental rights case concerning an Indian child, the trial court must not only determine that termination is appropriate under state law, but also that it is justified under the ICWA, a federal law. Relevant here, the ICWA provides:

> No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C. § 1912(f). The Mother contends that the burden of proof set forth in this provision of federal law preempts the clear and convincing burden of proof that applies to the findings required under Florida law—1) at least one of the statutory grounds enumerated in section 39.806(1), Florida Statutes, has been met; 2) termination is in the child's manifest best interests; and 3) termination is the least restrictive means of protecting the child from serious harm. *See Statewide Guardian ad Litem Office v. C.C.*, 382 So. 3d 614, 618–19 (Fla. 2024) (stating the elements and burden of proof under Florida law). In the trial court's thorough and well-reasoned judgment, it rejected this argument, as do we.

As the United States Supreme Court has explained, federal law may preempt state law in the following three ways:

2

> [First,] Congress may explicitly define the extent to which it intends to pre-empt state law. Second, even in the absence of express pre-emptive language, Congress may indicate an intent to occupy an entire field of regulation, in which case the States must leave all regulatory activity in that area to the Federal Government. Finally, if Congress has not displaced state regulation entirely, it may nonetheless pre-empt state law to the extent that the state law actually conflicts with federal law. Such a conflict arises when compliance with both state and federal law is impossible, . . . , or when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."

*Mich. Canners & Freezers Ass'n, Inc. v. Agric. Mktg. & Bargaining Bd.*, 467 U.S. 461, 469 (1984) (internal citations omitted).

Nothing suggests that Congress's enactment of the ICWA or, more specifically, 25 U.S.C. § 1912(f), preempted the burden of proof that applies to findings States require before a parent's rights are terminated. Rather, a plain reading of section 1912(f) shows that it simply requires a State to prove the *specified* element, i.e., "the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child," beyond a reasonable doubt. Nothing in section 1912(f) expressly or impliedly extends the same burden of proof to the findings required under state law. If Congress intended otherwise, it could have easily written section 1912(f) or some other provision in the ICWA to extend the "beyond a reasonable doubt" standard to the findings required under state law. It, however, did no such thing. As a result, the burden of proof set forth in section 1912(f) does not preempt the "clear and convincing evidence"

3

burden of proof that applies to the findings required under Florida law. *See G.L. v. Dep't of Child. & Fams.*, 80 So. 3d 1065, 1067 n.1 (Fla. 5th DCA 2012) ("Congress has not expressly stated that it was preempting state law concerning child custody proceedings by enacting the ICWA or that it intended for the ICWA to occupy the area of child custody proceedings completely."); *see also Valerie M. v. Ariz. Dep't of Econ. Sec.*, 198 P.3d 1203, 1207 (Ariz. 2009) (explaining that Congress did not intend to apply the reasonable-doubt standard to state-law findings and noting that almost every state court considering the issue has concluded that the "ICWA allows states to specify the standard of proof for state-law findings distinct from the findings required by ICWA.") (en banc) (citing *In re Interest of Walter W.*, 744 N.W.2d 55, 60–61 (Neb. 2008); *In re Adoption of R.L.A.*, 147 P.3d 306, 310 (Okla. Civ. App. 2006); *In re M.S.*, 624 N.W.2d 678, 681 (N.D. 2001); *In re H.A.M.*, 961 P.2d 716, 721 (Kan. Ct. App. 1998); *In re Elliott*, 554 N.W.2d 32, 38 (Mich. Ct. App. 1996); *K.E. v. State*, 912 P.2d 1002, 1004 (Utah Ct. App. 1996); *In re Denice F.*, 658 A.2d 1070, 1072–73 (Me. 1995); *In re N.Y.C. Dep't of Soc. Servs. v. Oscar C.*, 192 A.D.2d 280, 286–88 (N.Y. App. Div. 1993); *In re Bluebird*, 411 S.E.2d 820, 823 (N.C. Ct. App. 1992); *In re Interest of D.S.P.*, 458 N.W.2d 823, 829 (Wis. Ct. App. 1990); *In re Dependency of Roberts*, 732 P.2d 528, 531 (Wash. Ct. App. 1987); *In re J.R.B.*, 715 P.2d 1170, 1171 (Alaska 1986); *People ex rel. C.A.J.*, 709 P.2d 604, 606 (Colo. App. 1985)).

In sum, the trial court correctly applied the clear and convincing standard to the findings required under Florida law and the beyond a reasonable doubt standard to the finding required by 25 U.S.C. § 1912(f).

AFFIRMED.

WHITE and GANNAM, JJ., concur.

Jeffrey D. Deen, Regional Counsel, and Richard F. Joyce, Special Assistant Regional Counsel, of the Office of Criminal Conflict and Civil Regional Counsel, Casselberry, for Appellant.

Kelley Schaeffer, Appellate Counsel, of Children's Legal Services, Bradenton, for Appellee, Department of Children and Families.

Sara Elizabeth Goldfarb, Statewide Director of Appeals, and Amanda Victoria Glass, Senior Attorney, Appellate Division, of Statewide Guardian ad Litem Office, Tallahassee, for Appellee, Guardian ad Litem.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED