2011 OK 23

**In re AMENDMENTS TO the OKLA-
HOMA UNIFORM JURY INSTRUC-
TIONS FOR JUVENILE CASES.**

**SCAD No. 2011–24.**

Supreme Court of Oklahoma.

March 24, 2011.

*ORDER ONLY*

STEVEN TAYLOR, Chief Justice.

¶ 1 This Court has reviewed the report and recommendations of the Committee for Uniform Civil Jury Instructions for proposed amendments to the Oklahoma Uniform Jury Instructions for Juvenile Cases. The Court accepts the report and the recommendations.

¶ 2 It is ordered, adjudged, and decreed that the proposed amendments to the Oklahoma Uniform Civil Jury Instructions for Juvenile Cases as modified by this Court are adopted, and the Oklahoma Uniform Civil Jury Instructions for Juvenile Cases with the amendments as modified by this Court are attached hereto. The Court also accepts and authorizes the updated committee comments and user notes to be published with the amendments.

¶ 3 It is therefore ordered that the amended Oklahoma Uniform Civil Jury Instructions for Juvenile Cases attached hereto shall be available for access via the Internet from the Court website at www.oscn.net and provided to West Publishing Company for publication. The Administrative Office of the Courts is directed to provide digital copies via email of the revisions to the judges of the District Courts.

¶ 4 As it has done previously, the Court today declines to relinquish its constitutional or statutory authority to review the legal correctness of these authorized instructions when it is called upon to afford corrective relief in any adjudicative context.

¶ 5 These amendments are effective April 18, 2011. This order, without the attachment, is for official publication.

ALL JUSTICES CONCUR.

OUJI Juvenile

Approved March 19, 2010, Revised September 10, 2010; January 21, 2011 by the Committee on Uniform Jury Instructions for Juvenile Cases and Adopted by the Oklahoma Supreme Court effective April 18, 2011

**Chapter One
General Instructions**

**List Of Contents**

| Juvenile Instruction No. | Title | Page |
|---|---|---|
| | Introductory Note | 167 |
| | *Part A. Preliminary Instructions* | |
| 1.1 | Purpose Of Termination Proceeding | 167 |
| 1.2 | Explanation To Jury Panel Of Voir Dire | 167 |
| 1.3 | Oath On Voir Dire | 167 |
| 1.4 | Oath Administered To Jury | 168 |
| 1.5 | Jury's Duties—Cautionary Instructions—To Be Given After Jury Is Sworn | 168 |
| 1.6 | Jury's Duties—Cautionary Instructions—Bias On Account Of Race, Religion, Etc. | 169 |
| 1.7 | Cautionary Instruction—Note Taking By Jurors | 169 |
| | *Part B. Concluding Instructions* | |

1.8     Jury's Duties—Introduction To Instructions—To Be Given After The
        Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .170
1.9     Jury's Duties—To Be Given Prior to Deliberation . . . . . . . . . . . . . . . . . . . . . . . .170
1.10    Note Taking By Jurors—To Be Given Prior to Deliberation . . . . . . . . . . . . . .171
1.11    Mandatory Instruction Upon Discharge . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .171

## Introductory Note

The Preliminary Instructions in Part A should be given at the beginning of the case, and the Concluding Instructions in Part B should be given after all the evidence has been presented.

## Part A—Preliminary Instructions

### Juvenile Instruction No. 1.1

#### Purpose of Termination Proceeding

The purpose of a termination proceeding is to decide whether to break the parental bond. The case is concerned with three separate interests:

1. The parent's right to custody and control of a child.

2. The State's responsibility to protect a child under eighteen (18) years.

3. The child's right to a wholesome place to live, free from abuse and neglect.

The interest of a parent, the State and a child must be carefully weighed. The State's responsibility to protect a child must be balanced against the interest of a parent in the custody and control of a child.

The right of a parent to the custody and control of a child is a fundamental right protected by the Federal and State Constitutions. While the rights of a parent are important and entitled to protection, they must be balanced against those of a child, and where they conflict, the child's rights should be protected.

#### Committee Comments

This preliminary instruction introduces the jury to the three interests that the jury must weigh in a termination proceeding. It is based on language from *In re T.H.L.*, 1981 OK 103, ¶ 4, 636 P.2d 330, 332.

### Juvenile Instruction No. 1.2

#### Explanation To Jury Panel Of Voir Dire

As possible jurors you will be questioned to determine your qualifications to serve in this case. The purpose of these questions is to obtain a fair jury. Since this is an important part of the trial, it is necessary that you be given an oath to answer truthfully all questions asked you about your qualifications to serve as jurors. Will you please stand, raise your right hand, and the oath will now be given to you by ____.

#### Notes on Use

These remarks should be changed or modified to fit the exigencies of the case. Oath may be administered by the judge, clerk, or deputy.

#### Comments

51 O.S.2001, § 21.

### Juvenile Instruction No. 1.3

#### Oath On Voir Dire

Do you solemnly swear that you will truly and fully answer all questions asked you by the Judge and the lawyers to serve as a juror in the case now on trial, so help you God? [Juror should be required to answer "I do."].

or

Do you affirm under the pains and penalties of perjury to truly and fully answer all questions asked you by the Judge and lawyers to serve as a juror in the case now on trial? [Juror should be required to answer "I do."].

#### Notes on Use

If any prospective juror has conscientious scruples against taking an oath, such juror may affirm. 12 O.S.2004 § 72.

Comments

The statutes of Oklahoma do not specifically authorize an oath on voir dire, but it seems clear that there should be such an oath. The oath may be administered by the judge or the clerk. 51 O.S.2001, § 21; *Milton v. State*, 1912 OK CR 195, 7 Okl. Cr. 407, 418, 124 P. 81, 85.

## Juvenile Instruction No. 1.4
### Oath Administered To Jury

Do you solemnly swear that you will well and truly try the matter submitted to you in the case now on trial and reach a true verdict, according to the law and the evidence presented to you, so help you God? [Juror should be required to answer "I do."].

### OR

Do you affirm under the pains and penalties of perjury that you will well and truly try the matters submitted to you in the case now on trial and a true verdict render, according to the law and the evidence? [Juror should be required to answer, "I do."].

### Notes on Use

If any member of the jury has conscientious scruples against taking an oath, such juror may affirm. 12 O.S.2001, § 72.

### Comments

This oath is taken substantially from that set forth in 12 O.S.2001, § 576. It may be a reversible error not to administer the oath to the jury. *See Brink v. Territory*, 1895 OK 64, 3 Okla. 588, 589, 41 P. 614, 614.

## Juvenile Instruction No. 1.5
### Jury's Duties—Cautionary Instructions— To Be Given After Jury Is Sworn

Members of the Jury: I will now explain to you your duties as jurors. It is vital to the administration of justice that you fully understand and faithfully perform these duties.

It is my duty to determine all of the law applicable to this case and to inform you of that law by these instructions and by the instructions that I will give you after all evidence has been received. It is your duty to accept and follow all of these instructions as a whole, not accepting one or More of these instructions and disregarding the others.

It is your duty to determine the facts of this case from the evidence produced in open court. It is then your duty to apply the law, as determined by the court, to the facts as determined by you, and thus render a verdict. You should not allow sympathy or prejudice to influence your decision. Your decision should be based upon probabilities, and not possibilities. It may not be based upon speculation or guesswork.

The evidence which you are to consider consists of the testimony of the witnesses; the exhibits, if any, admitted into evidence; any facts admitted or agreed to by the attorneys; and any facts which I instruct you to accept as true. The term "witness" means anyone who testifies in person, or by deposition, including the parties.

The production of evidence in court is governed by rules of law. From time to time it may be the duty of the attorneys to object to the production of evidence and my duty to rule on these objections. If I say the objection is sustained, you must not consider the testimony or exhibit covered by the objection. If I say the objection is overruled, you may consider the testimony or exhibit covered by the objection. The attorneys' objections, and my rulings upon these objections, together with the reasons for these objections and rulings are not evidence and should not be considered by you.

The statements, remarks and arguments of the attorneys are intended to help you in understanding the evidence and applying the law, but are not evidence. If any statement, remark or argument of an attorney has no basis in the evidence, then you should disregard it.

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into

consideration the witness's means of knowledge, strength of memory and opportunities of observation. Also consider the reasonableness, consistency or inconsistency of the testimony. You should also consider the bias, prejudice or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand and all other facts and circumstances that affect the believability of the witness.

My rulings and remarks made during the course of this trial are not intended to indicate my opinion as to the facts. During all recesses and adjournments, while this case is in progress, you must not discuss this case, or anything about this case, with anyone, and you must not allow anyone to discuss it with you. This rule applies not only to court employees, the attorneys involved in this case, and others you may meet in the courthouse, but also to your husband and wife, other members of your family, your friends and anyone else you may meet. If during the trial anyone talks to you or tries to talk to you about this case, you must immediately report it to me, or the **(clerk of the court)/bailiff,** who will report to me.

Do not, before this case is Finally submitted to you for a decision, talk to your fellow jurors about this case, or anything about this case, or form or express any opinion about it.

Do not read newspaper reports or obtain information from the internet about this trial or the issues, parties or witnesses involved in this case, and do not watch or listen to television or radio reports about it. Do not attempt to investigate this case on your own.

The reasons for these rules are that it is essential that you should keep your minds free and open at all times throughout this trial and that you should not be influenced by anything except the evidence you hear and see in the courtroom. From now on, at the beginning of each recess or adjournment, I will refer to these instructions as "my instructions" or "my usual instructions," but whether or not this is done, you will carefully observe these rules at all times.

### Notes on Use

With the availability of information on the internet jurors may be able to gather information about the case or the parties and witnesses on their own. The cautionary instruction from OUJI–CIV 1.4 is modified to instruct jurors not to investigate the case.

Before excusing the jurors for recesses and adjournments, the judge should remind them not to discuss the case. The following Instruction is suggested:

At this time, let me remind you not to discuss this case, or anything about this case, with anyone **(during the recess)/(while court is adjourned),** and do not allow anyone to discuss it with you. If anyone talks to you or tries to talk to you about this case, you are instructed to report it immediately either to me or to the **(clerk of the court)/bailiff.**

---

**Juvenile Instruction No. 1.6**
**Jury's Duties—Cautionary Instructions—Bias On Account Of Race, Religion, Etc.**

Remember that under our justice system the race, religion, national origin, or social status of a party or **his/her** attorney must not be considered by you in the discharge of your sworn duty as a juror.

### Notes on Use

This instruction should be given with the other cautionary instructions after the jury is sworn if any party belongs to a minority race or religious group, and the instruction is requested by the party's attorney.

---

**Juvenile Instruction No. 1.7**
**Cautionary Instruction—Note Taking By Jurors**

You may take notes during the presentation of evidence in this case. In that regard remember this:

1. Note taking is permitted but is not required.

2. Take notes sparingly. Do not try to write down all the testimony. Your notes will only be used for the purpose of refreshing your memory. They are helpful when dealing with measurements, times, distances, identities and relationships.

3. Be brief in your note taking. You must pass on the credibility of the witnesses, and to do so you must observe them. Do not let note taking distract you from this duty.

4. Your notes are for your private use only. Do not share your notes with any other juror during the presentation of the case. You may discuss the contents of your notes only after all sides have rested and you have commenced your deliberations.

5. Your note taking is limited to matters occurring while court is in session.

### Notes on Use

This Instruction is not intended as an endorsement of juror note taking. Whether to permit note taking by jurors remains in the trial judge's discretion. However, this Instruction should be given IF the court permits jurors to take notes. If this Instruction is given, Instruction No. 1.10 must also be given.

### Comments

This Instruction is based on one suggested by the Oklahoma Supreme Court in *Sligar v. Bartlett*, 1996 OK 144, 916 P.2d 1383, 1387 n. 2.

---

### Part B—Concluding Instructions

### Juvenile Instruction No. 1.8

#### Jury's Duties—Introduction To Instructions—To Be Given After The Evidence

It is now my duty to further explain your duties as jurors, and to further inform you of the law applicable to this case. It is your duty to faithfully perform your duties and to accept and follow all instructions of the law as a whole, including the instruction I gave you at the beginning of this trial [and the instructions I gave you during the course of this trial]. You are not free to accept and follow one or more of these instructions and disregard the others.

A written copy of all instructions will be given to you before you begin your deliberations.

### Notes on Use

All or part of Instruction 1.5, "Jury's Duties—Cautionary Instructions—To Be Given After Jury Is Sworn" may be added to this instruction and read to the jury after the evidence.

---

### Juvenile Instruction No. 1.9

#### Jury's Duties—To Be Given Prior to Deliberation

Ladies and Gentlemen of the jury, that completes the argument. This case is now submitted to you for your decision and verdict.

When you have' arrived in the jury room you should first choose one of the jury as a foreperson and then begin deciding the case. The forms of all possible verdicts will be sent to the jury room with you, along with these written instructions of the Court. If all six (6) of you agree on a verdict, only your foreperson alone need sign the appropriate form(s). If you do not all agree, but at least five (5) of you do, then only those five (5) agreeing will each, individually, sign the verdict form(s). [If your foreperson does not agree on the verdict that the other five of you have agreed to, your foreperson should not sign the verdict form(s) with the rest of you, but your foreperson shall continue to serve as the foreperson of your jury.]

Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

---

Statutory Authority: 10A O.S. Supp.2009, § 1–4–502.

## Notes on Use

The last sentence in the second paragraph is optional.

## Juvenile Instruction No. 1.10

### Note Taking By Jurors—To Be Given Prior to Deliberation

You have been permitted to take notes during the testimony of this case. If you have done so you may refer to them during deliberations, and discuss the contents of your notes with other jurors. In your deliberations, give no more or no less weight to the views of a fellow juror just because that juror did or did not take notes. Your notes are not official transcripts, but are simply aids to your memory. It is the testimony from the witness stand which must be the basis of your determination of the facts, and ultimately, your verdict in the case.

At the' conclusion of the trial your notes must be delivered to the bailiff for destruction.

## Juvenile Instruction No. 1.11

### Mandatory Instruction Upon Discharge

You have now completed your duties as jurors in this case and are discharged. The question may arise whether you are free to discuss this case with anyone. You are instructed that this proceeding is strictly confidential. Therefore, you are not to discuss this case with anyone other than those directly involved in the case. If any person tries to discuss the case over your objection, or becomes critical of your service, please report it to me immediately.

### OR

You have now completed your duties as jurors in this case and are discharged. The question may arise whether you are free to discuss this case with anyone. It is entirely your decision whether you discuss the case with other persons, but you must not reveal the identities of the children or parents, or any information that would reveal their identities, to anyone. If any person tries to discuss the case over your objection, or becomes critical of your service, please report it to me immediately.

## Notes on Use

This Instruction is to be given after the jury has returned its verdict.

Unless the trial court orders otherwise, cases involving deprived children are conducted in private. 10A O.S. Supp.2009, § 1–4–503(1)(a). The trial court should select the appropriate instruction from the alternatives set out above.

Approved March 19, 2010; Revised May 28, 2010; July 9, 2010; September 10, 2010; January 21, 2011 by the Committee on Uniform Jury Instructions for Juvenile Cases and Adopted by the Oklahoma Supreme Court effective April 18, 2011

## Chapter Two
## General Termination Instructions

### List Of Contents

Juvenile Instruction No.    Title     Page

Introductory Note . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 172
2.1   Duties of Jurors—To Be Given Prior To Deliberation . . . . . . . . . . . . . . . . . . 172
2.2   Statement Of The Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 173
2.3   Expert Witnesses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 173

**172**

2.4     Effect Of Termination Of Parental Rights................................173
2.5     Burden Of Proof For Termination Of Parental Rights ....................173
2.6     Child Has Been Adjudicated To Be Deprived............................174
2.7     Instructions For Verdict Forms .......................................174
2.8     Verdict Form—Termination Of Parental Rights .........................175
2.9     Verdict Form—No Termination Of Parental Rights ......................176

### Introductory Note

In *A.E. v. State*, 1987 OK 76, 743 P.2d 1041, the Oklahoma Supreme Court recognized a constitutional right to jury trial in termination of parental rights proceedings. The right to jury trial in termination of parental rights proceedings is also recognized in 10A O.S. Supp.2010, § 1-4-502. Either a parent, the state, or a child has a right to a jury trial if either: 1) an initial petition for adjudication of deprived status includes a request for termination of parental rights, or 2) the state or a child files a request for termination of parental rights after an adjudication of deprived status.

Section 1-4-502 was amended by 2010 Okla. Sess. Laws, c. 278, § 5 to limit the right to jury trial to the sole issue of termination of parental rights. Under this amendment, the trial court shall determine if a child shall be adjudicated deprived in all cases, regardless of whether the petition to determine if the child is deprived also contains a request for termination of parental rights. *Id.* After the Oklahoma Legislature adopted 2010 Okla. Sess. Laws, c. 278, it adopted 2010 Okla. Sess. Laws, c. 398, § 1, which provided for waiver of the right to be present at a trial if a party requested a jury trial and did not appear at the trial. 2010 Okla. Sess. Laws, c. 398, § 1 did not include the limitation in 2010 Okla. Sess. Laws, c. 278, § 5 that limited the right to jury trial to the sole issue of termination of parental rights. Although the latest enactment ordinarily prevails, in construing statutes that were passed at nearly the same time in the same legislative session, there is a strong presumption against implied repeals. *Tubbs v. State of Oklahoma, ex rel. Teachers' Retirement System.* 2002 OK 79, n. 10, 57 P.3d 571, 577. Accordingly, Section 1-4-502 should be interpreted in accordance with the probable legislative intent to include the changes made by both 2010 Okla. Sess. Laws, c. 278, § 5 and 2010 Okla. Sess. Laws, c. 398, § 1.

The termination of parental rights may be sought simultaneously with the adjudication of deprived status in what is sometimes called an "immediate termination" case. Where the adjudication of deprived status and the termination of parental rights are sought simultaneously, the trial court has discretion under 12 O.S.2001, § 2018(D) to bifurcate the proceeding.

Instructions on the various statutory grounds for termination of parental. rights for use in all cases are found in Chapter Three, *infra.* The applicable instructions on the grounds for termination of parental rights should be given immediately after Juvenile Instruction No. 2.5.

---

### Juvenile Instruction No. 2.1
### Duties Of Jurors—To Be Given Prior To Deliberation

Since all the evidence in this case has been given to you, it is now my duty, under the law, to give you additional instructions that apply in this trial. These additional instructions contain all the rules of law that are to be applied by you in this case, and all the rules of law by which you are to weigh the evidence and determine the facts in issue in deciding this case and in reaching a verdict. You must consider the instructions as a whole and not as a part to the exclusion of the rest. All the testimony and evidence which it is proper for you to consider has been introduced in this case. You should not consider any matter of fact or of law except what has been given to you while this court is or has been in session.

It is your responsibility as jurors to determine the facts from the evidence, to follow the rules of law as stated in these instructions, to reach a fair and impartial verdict as

you have sworn you would do. You must not use any method of chance in arriving at a verdict, but must base your verdict on the judgment of each juror.

### Committee Comments

This instruction is based on OUJI–CR 10–1.

---

## Juvenile Instruction No. 2.2
### Statement Of The Case

This trial is the result of a **petition/motion** asking for the termination of parental rights.

The **petition/motion** alleged the following:

**[Set out the material allegations of the petition/motion regarding grounds for termination of parental rights.]**

The allegations in the **petition/motion** are not evidence in the case.

### Committee Comments

Although the jury should be informed of the material allegations of the petition regarding the termination of parental rights, the petition itself should not be read to the jury. *See Marathon Battery Co. v. Kilpatrick,* 1966 OK 268 [1965 OK 212], ¶ 60, 418 P.2d 900, 915 ("it is not good practice to formulate the issues by reading at large from the pleadings").

---

## Juvenile Instruction No. 2.3
### Expert Witnesses

You have heard the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgement to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

### Committee Comments

This instruction is OUJI–CIV 2d No. 3.21. It is similar to OUJI–CR 9–42, except that expert witnesses are called opinion witnesses in OUJI–CR 9–42.

---

## Juvenile Instruction No. 2.4
### Effect Of Termination Of Parental Rights

The termination of parental rights terminates the parent-child relationship, including the following rights of the parent:

1) the parent's right to the custody of the child,

2) the parent's right to visit the child,

3) the parent's right to control the child's training and education,

4) the need for the parent to consent to the adoption of the child,

5) the parent's right to the earnings of the child, and

6) the parents' right to inherit from or through the child. It does not affect the child's right to inherit from the parent.

---

Statutory Authority: 10A O.S. Stipp. 2009, § 1–4–906.

---

## Juvenile Instruction No. 2.5
### Burden Of Proof For Termination Of Parental Rights

The State has the burden of proving all the requirements for the termination of the parent's rights by clear and convincing evidence and you may return a verdict finding that parental rights are terminated only if you find that the State has satisfied its burden of proof.

When I say that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

[For purposes of this case, you are required to accept the following matters as true: List any issues that are not for the jury to decide either because they have been stipulated to by the parties or are not jury issues].

### Notes on Use

The pertinent Instructions on the grounds for termination of parental rights in Chapter Three should be given immediately after this instruction.

The bracketed last paragraph should be given to the jury as part of this instruction if the trial judge concludes that there are some matters that the jury should be informed of that it should not decide.

If the petition or motion for termination of parental rights was filed by the child's attorney, rather than the district attorney, under 10A O.S. Supp.2009, § 1–4–901(A), this Instruction should be modified accordingly along with the applicable Instructions on the grounds for termination of parental rights in Chapter Three.

### Committee Comments

The Oklahoma Supreme Court held in *Matter of C.G.*, 1981 OK 131, ¶ 17, 637 P.2d 66, 71, that the clear and convincing evidence standard applied to termination of parental rights.

---

### Juvenile Instruction No. 2.6
### Child Has Been Adjudicated To Be Deprived

You are instructed that the child has been adjudicated to be deprived.

### Notes on Use

This Instruction should be given immediately after the jury has been instructed on the elements for termination of parental rights.

### Committee Comments

Adjudication that the child is deprived is a required element for termination of parental rights under 10A O.S. Supp.2009, § 1–4–904(A)(1). Consequently, the trial judge must determine the issue of adjudication before having the jury decide whether to terminate parental rights, regardless of whether the trial judge decides to conduct the adjudication of deprived status at the same hearing as the termination of parental rights, or bifurcates adjudication from termination. Because there is a higher standard of proof for termination of parental rights than for adjudication of deprived status, the jury is not bound by the judge's determination with respect to any of the particular elements for adjudication of deprived status. Consequently, the jury should not be instructed that any of the particular elements for adjudication of deprived status have been satisfied. Nevertheless, the fact that the child has been adjudicated to be deprived is binding on the jury, and the jury should be instructed accordingly.

---

### Juvenile Instruction No. 2.7
### Instructions For Verdict Forms

[Use for cases where only one ground for termination is alleged.] If you find that the State has proved by clear and convincing evidence that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on the statutory ground that [Set forth ground for termination—*E.g.*, the rights of the parent to another child have been terminated, and the conditions that led to the prior termination of parental rights have not been corrected], you should sign and return the verdict form entitled Terminate Parental Rights for that parent and that child. Otherwise, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

### OR

[Use for cases where multiple grounds for termination are alleged.] If you find that the State has proved by clear and convincing evidence that the parental rights of the parent, [NAME] to the child, [NAME],

should be terminated on one or more statutory grounds, you should sign and return the verdict form entitled Terminate Parental Rights for every such statutory ground for that parent and that child. It is not necessary that the same five people sign each verdict form. If you find that the State has not proved by clear and convincing evidence that the parental rights of the parent, [NAME] to the child, [NAME], should be terminated on any statutory ground, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

### Notes on Use

If the petition or motion for termination of parental rights was filed by the child's attorney, rather than the district attorney, under 10A O.S. Supp.2009, § 14–901(A), this Instruction should be modified accordingly.

---

**Juvenile Instruction No. 2.8**
**Verdict Form—Termination
Of Parental Rights**

IN THE DISTRICT COURT
OF _____ COUNTY
STATE OF OKLAHOMA

[JUVENILE DIVISION]

IN THE MATTER OF: A DEPRIVED CHILD
CASE NO. JD-

*VERDICT*

*TERMINATE PARENTAL RIGHTS*

We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find that the parental rights of the parent, [NAME] to the child, [NAME], **SHOULD BE TERMINATED** on the statutory ground that [**Set forth ground for termination—** *E.g.,* the rights of the parent to another child

have been terminated, and the conditions that led to the prior termination of parental rights have not been corrected].

_____

FOREPERSON

_____

_____

_____

_____

_____

### Notes on Use

The trial judge should fill in the appropriate ground for termination of parental rights. The jury must be given both this Verdict Form and the Verdict Form in § 2.39, *infra,* and it must return one Verdict Form or the other. Separate verdict forms are required for each parent and each child. *In re T.C.,* 2004 OK CIV APP 65, ¶ 10, 96 P.3d 811, 814. It is also recommended that separate verdict forms should be used for each alleged ground for termination.

### Committee Comments

The trial judge is not required to direct the jury to make specific findings on the grounds for termination of parental rights. Okla. Const. Art. 7, § 15 ("no law . . . shall require the court to direct the jury to make findings of particular questions of fact"). Nevertheless, it will be necessary for the trial judge to specify the grounds for termination of parental rights in the journal entry of judgment in order to facilitate appellate review. *See In re C.T.,* 2003 OK CIV APP 107, ¶ 6, 82 P.3d 123, 125; *Bales v. State ex rel. Dep't of Human Services,* 1999 OK CIV APP 96, ¶ 8, 990 P.2d 309, 311. *See also Matter of S.B.C.,* 2002 OK 83, ¶ 7, 64 P.3d 1080, 1083 (appellate court must find clear and convincing proof of grounds for termination of parental rights to affirm). Having the jury specify in its verdict the grounds it finds for termination of parental rights will facilitate the trial judge's preparation of the journal entry of judgment.

**176**

Juvenile Instruction No. 2.9

**Verdict Form—No Termination
of Parental Rights**

IN THE DISTRICT COURT OF

_____ COUNTY
STATE OF OKLAHOMA

[JUVENILE DIVISION]

IN THE MATTER OF: A DEPRIVED
CHILD

CASE NO. JD-

*VERDICT*

*DO NOT TERMINATE PARENTAL
RIGHTS*

We, the jury, empaneled and sworn in the above entitled cause, do upon our ~~oath~~ *oaths,* find the parental rights of the parent, [NAME] to the child, [NAME], **SHOULD NOT BE TERMINATED:**

_____
FOREPERSON

_____

_____

_____

_____

_____

**Notes on Use**

Separate verdict forms are required for each parent and each child. *In re T.C.,* 2004 OK CIV APP 65, ¶ 10, 96 P.3d 811, 814.

_____

Approved March 19, 2010; modified May 28, 2010, July 10, 2010; September 10, 2010; January 21, 2011 by the Committee on Uniform Jury Instructions for Juvenile Cases and Adopted by the Oklahoma Supreme Court effective April 18, 2011

**Chapter Three
Grounds for Termination of Parental Rights**

**List Of Contents**

| Juvenile Instruction No. | Title | Page |
| --- | --- | --- |
| | Introductory Note | 177 |
| 3.1 | Abandonment | 177 |
| 3.2 | Abandoned Infant | 178 |
| 3.3 | Noncompliance With Placement Agreement | 178 |
| 3.4 | Failure To Correct Conditions | 179 |
| 3.5 | Failure To Correct Conditions—The Individualized Service Plan | 179 |
| 3.6 | Previous Termination Of Rights To Another Child | 180 |
| 3.7 | Failure To Contribute To Support Of Child | 180 |
| 3.8 | Conviction Of Certain Crimes | 181 |
| 3.9 | Heinous And Shocking Abuse | 181 |
| 3.10 | Definition Of Abuse | 182 |
| 3.11 | Definition Of Heinous And Shocking Abuse | 182 |
| 3.12 | Heinous And Shocking Neglect | 183 |
| 3.13 | Definition Of Neglect | 183 |
| 3.14 | Definition Of Heinous And Shocking Neglect | 183 |
| 3.15 | Failure To Protect Child From Heinous And Shocking Abuse | 184 |
| 3.16 | Failure To Protect Child From Heinous And Shocking Neglect | 184 |
| 3.17 | Heinous And Shocking Abuse Or Failure To Protect Child From Heinous And Shocking Abuse | 184 |

3.18    Heinous And Shocking Neglect Or Failure to Protect Child From
        Heinous And Shocking Neglect ............................................. 185
3.19    Abuse Subsequent to Previous Abuse Or Neglect ........................ 185
3.20    Child Conceived As a Result Of Rape .................................... 186
3.21    Incarceration Of Parent ................................................. 186
3.22    Cognitive Disorder, Incapacity, Or Medical Condition ................... 186
3.23    Conditions From Previous Deprived Adjudication Have Occurred
        Again ..................................................................... 187

## Chapter Three

## GROUNDS FOR TERMINATION

### Introductory Note

This Chapter provides jury instructions for the grounds for termination of parental rights found in 10A O.S. Supp.2010, § 1–4–904. The jury instructions are listed in the same order as the grounds for termination are found in the statute. The trial judge should select the appropriate jury instructions based on the allegations of the petition and the evidence presented at the termination hearing. For ICWA cases, the trial judge should refer to Instruction No. 5.3 for an essential additional element of proof for each ground for termination.

All of these instructions include the following two elements from 10A O.S. Supp.2010, § 1–4–904(A): 1) the child has been adjudicated to be deprived, and 2) termination of parental rights is in the best interests of the child.

### Juvenile Instruction No. 3.1

### Abandonment

The State seeks to terminate the parent's rights on the basis of abandonment. In order to terminate the parental rights on the basis of abandonment, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated to be deprived;

2. Termination of parental rights is in the best interests of the child; and

3. [The parent has willfully intended by words, actions, or omissions not to return for the child.]

**OR**

3. [The parent has failed to maintain a significant parental relationship with the child through visitation or communication, despite an opportunity to do so. Incidental or token visits or communications are not considered significant. "Token" means merely simulated, slight or of no real account]

**OR**

3. [The parent failed to respond to notice of deprived proceedings.]

Statutory Authority: 10A O.S. Supp.2010, §§ 1–105(1), 1–4–904(B)(2).

### Notes on Use

The trial judge should select the particular definition or definitions for abandonment that are supported by the evidence.

### Committee Comments

Intent is ordinarily an element of abandonment. *Matter of James H.,* 1978 OK CIV APP 28, ¶ 6, 593 P.2d 1095, 1097 (the term abandonment "as used in the juvenile code also should be deemed to require a willful failure or neglect and not mere failure due to inability."); *In the Matter of the Adoption of O.L.P.,* 2002 OK CIV APP 17, ¶ 17, 41 P.3d 999, 1002 (the question of abandonment "must necessarily include some inquiry into the natural parent's subjective intent, manifested by objective conduct, to exercise the duties and obligations of a parent."). The Committee notes that the definition of abandonment in 10A O.S. Supp.2010, § 1–1–105(1)(b) does not contain an element of intent and that there are situations where a parent may have been denied the opportunity to develop a relationship with his/her child. *See In re Swanson,* 2 S.W.3d 180, 182–83 (Tenn.1999) (mother prevented father from

maintaining relationship with child). In order to avoid potential constitutional issues regarding conclusive presumptions in those types of situations, this instruction requires the parent to have had an opportunity to develop a relationship. The definition of "token" is taken from *Matter of Adoption of B.O.*, 927 P.2d 202, 209 (Utah App., 1996) (quoting Webster's New Twentieth Century Dictionary 1919 (2d ed. 1979)).

---

### Juvenile Instruction No. 3.2
### Abandoned Infant

The State seeks to terminate the parent's rights on the basis that the child is an abandoned infant. In order to terminate the parental rights on the basis that the child is an abandoned infant, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated to be deprived;

2. Termination of parental rights is in the best interests of the child; and

3. [The child was twelve (12) months of age or younger; and the parent: [willfully intended by words, actions, or omissions not to return for the child.]

**OR**

[has failed to maintain a significant parental relationship with the child through visitation or communication, despite being given the opportunity to do so.

Incidental or token visits, communications or contributions are not considered significant. "Token" means merely simulated, slight or of no real account.]

**OR**

[failed to respond to notice of deprived proceedings.]

---

Statutory Authority: 10A O.S. Supp.2010, §§ 1–105(1), 1–105(1)(35), 1–4–904(B)(3).

### Notes on Use

This Instruction should be used if the child was twelve months old or younger at the time of the filing of the petition. The trial judge should select the particular ground or grounds for finding that the child was abandoned that are supported by the evidence.

### Committee Comments

The Committee notes that the definition of abandonment in 10A O.S. Supp.2010, § 1–1–105(1)(b) does not contain an element of intent and that there are situations where a parent may have been denied the opportunity to develop a relationship with his/her child. *See In re Swanson*, 2 S.W.3d 180, 182–83 (Tenn.1999) (mother prevented father from maintaining relationship with child). In order to avoid potential constitutional issues regarding conclusive presumptions in those types of situations, this instruction requires the parent to have had an opportunity to develop a relationship. The definition of "token" is taken from *Matter of Adoption of B.O.*, 927 P.2d 202, 209 (Utah App., 1996) (quoting Webster's New Twentieth Century Dictionary 1919 (2d ed. 1979)).

---

### Juvenile Instruction No. 3.3
### Noncompliance With Placement Agreement

The State seeks to terminate the parent's rights on the basis that the parent has not complied with a placement agreement. In order to terminate parental rights on the basis that the parent has not complied with a placement agreement, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated to be deprived;

2. The parent voluntarily placed physical custody of the child with the Department of Human Services or with a child-placing agency for out-of-home placements;

3. The parent has not complied with the placement agreement;

4. The parent has not demonstrated during the placement period a firm intention to resume physical custody of the

child or to make permanent legal arrangements for the care of the child;

5. Allowing the parent to have custody of the child would result in actual or potential harm to the child; and,

6. Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(4).

### Committee Comments

The fifth element has been included because of the Committee's concern that 10A O.S. Supp.2010, § 1–4–904(B)(4) does not on its face require proof of harm or parental unfitness, which is required as a prerequisite for termination of parental rights under both the Oklahoma and United States Constitutions as well as prior Oklahoma case law. In *Matter of Sherol A.S.*, 1978 OK 103, ¶ 22, 581 P.2d 884, 888, the Oklahoma Supreme Court declared:

> The purpose of termination is to protect children from HARM suffered by reason of either neglect or the intentional actions of their parents. . . . . There is no authority in our Juvenile Code which allows the State to interfere with family relationships where harm to children is not involved. This is, of course, a notion of constitutional dimension. The fundamental integrity of the family unit, which has found protection in the Due Process and Equal Protection Clauses of the Fourteenth Amendment and the Ninth Amendment, is subject to intrusion and dismemberment by the State only where a "compelling" State interest arises and protecting the child from harm is the requisite State interest.

See also *Matter of S.T.G.*, 1991 OK 11, ¶ 10, 806 P.2d 636, 639 ("[w]e have held that in case of involuntary termination the fundamental integrity of the family unit is subject to intrusion and dismemberment by the State only where a 'compelling' State interest arises and protecting the child from harm is the requisite State in-

terest."); *In re K.C.*, 2002 OK CIV APP 58, ¶ 20, 46 P.3d 1289, 1294 (reversing termination order because the State did not clearly and convincingly show that the parent posed a harm to the children or that termination was in the children's best interests).

### Juvenile Instruction No. 3.4
### Failure To Correct Conditions

The State seeks to terminate the parent's rights on the basis of failure to correct the **condition/conditions** that led to the finding that a child is deprived. In order to terminate parental rights on this basis, the State must prove by clear and convincing evidence each of the following elements:

1. The child has been adjudicated to be deprived;

2. The parent has failed to correct the **condition/conditions** that caused the child to be deprived;

3. The parent has had at least three months to correct the **condition/conditions**; and,

4. Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(5).

### Notes on Use

The trial judge should give Juvenile Instruction No. 3.5, *infra,* along with this Instruction.

---

### Juvenile Instruction No. 3.5
### Failure To Correct Conditions—The
### Individualized Service Plan

In order for you to find that there has been a failure to correct the **condition/conditions** which caused a child to be found deprived, you must find that the Court placed the parent on notice of the **condition/conditions** to be corrected by means of an individualized service plan.

An "individualized service plan" provides a list of activities or standards of conduct that

are designed to assist the parent to correct the **condition/conditions** that caused a child to be deprived.

In order to terminate parental rights, you must find by clear and convincing evidence that the **condition/conditions** which caused the child to be deprived **has/have** not been corrected. Failure to complete an individualized service plan alone is not a basis to terminate parental rights, but it is evidence that the jury may consider in determining whether the **condition/conditions has/have** been corrected.

---

Statutory Authority: 10A O.S. Supp.2010, § 1–4–704.

### Committee Comments

The Oklahoma Supreme Court has ruled that due process requires a parent to be given notice of the standards that the parent must satisfy to avoid termination of parental rights so that the parent will have an opportunity to rectify past parental abuse or neglect. *Matter of A.D.B.*, 1991 OK 96, ¶ 15, 818 P.2d 483, 489; *Matter of C.G.*, 1981 OK 31 [131], ¶ 9, 637 P.2d 66, 68–69; *In re T.H.L.*, 1981 OK 103, ¶ 11, 636 P.2d 330, 333. The individualized service plan required by 10A O.S. Supp.2010, § 1–4–704 provides the notice to the parent of the standards that the parent must conform to.

---

### Juvenile Instruction No. 3.6

### Previous Termination Of Rights To Another Child

The State seeks to terminate the parent's rights on the basis that a child has been born to a parent whose parental rights to another child have already been terminated before. In order to terminate parental rights on this basis, the State must prove by clear and convincing evidence each of the following elements:

1. The child has been adjudicated to be deprived;

2. The parent's parental rights to another child have been terminated before;

3. The conditions which led to the prior termination of parental rights have not been corrected; and,

4. Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(6).

---

### Juvenile Instruction No. 3.7

### Failure To Contribute To Support Of Child

The State seeks to terminate the parent's rights on the basis that the parent has willfully failed, refused or neglected to contribute to the support of a child. In order to terminate parental rights on the basis that the parent has willfully failed, refused or neglected to contribute to the support of a child, the State must prove by clear and convincing evidence each of the following elements:

1. The child has been adjudicated to be deprived;

2. The parent did not have custody of the child;

3. The parent has willfully failed, refused or neglected to contribute to the support of the child for six (6) consecutive months out of the last twelve (12) months immediately preceding the filing of a petition for termination of parental rights in substantial compliance with a court order of support; or, if no provision for support is provided in an order, according to the parent's financial ability to contribute to the child's support; and,

4. Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(7).

Juvenile Instruction No. 3.8

## Conviction For Certain Crimes

The State seeks to terminate the parent's rights on the basis of a conviction for [Specify Crime in **10A O.S. Supp.2010, § 1–4–904(B)(8)** ]:

[permitting a child to participate in pornography]

[rape]

[rape by instrumentation]

[lewd molestation of a child under sixteen years of age]

[child abuse or neglect]

[enabling child abuse or neglect]

[causing the death of a child as a result of the physical or sexual abuse or chronic abuse or chronic neglect of the child]

[causing the death of a sibling of the child as a result of the physical or sexual abuse or chronic abuse or chronic neglect of the child's sibling]

[murder of any child or aiding or abetting, attempting, conspiring or soliciting to commit murder of any child]

[voluntary manslaughter of any child]

[a felony assault that has resulted in serious bodily injury to the child or another child of the parent]

[murder or voluntary manslaughter of the child's parent or aiding or abetting, attempting, conspiring, or soliciting to commit murder of the child's parent].

In order to terminate parental rights on the basis of a conviction for [**Specify Crime in 10A O.S. Supp.2010, § 1–4–904(13)(8)** ], the State must prove by clear and convincing evidence that:

1. The child has been adjudicated to be deprived;

2. The parent has been convicted in a criminal action for [Specify Crime in **10A O.S. Supp.2010, § 1–4–904(B)(8)** ]; and,

3. Termination of parental rights is in the best interests of the child.

---

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(8).

## Committee Comments

Although voluntary manslaughter is listed in 10A O.S. Supp.2010, § 1–4–904(B)(8)(i) as a basis for termination of parental rights, the distinction between voluntary and involuntary manslaughter found in the federal statutes is not recognized in the Oklahoma criminal law statutes. *Compare* 18 U.S.C.A § 1112 (2000) *with* 21 O.S.2001, §§ 711 (first degree manslaughter), 716 (second degree manslaughter). The federal statute, 18 U.S.C.A § 1112 (2000), defines voluntary manslaughter as "the unlawful killing of a human being without malice ... [u]pon a sudden quarrel or heat of passion." This definition is similar to one type of first degree manslaughter found in 21 O.S.2001, § 711(2) (first degree manslaughter is homicide "perpetrated without a design to effect death, and in a heat of passion"). If the State seeks termination of parental rights on the basis of a manslaughter conviction, the trial court should ascertain whether the manslaughter conviction corresponds to a voluntary manslaughter conviction under the federal statute.

---

Juvenile Instruction No. 3.9

## Heinous And Shocking Abuse

The State seeks to terminate the parent's rights on the basis of the parent's abuse of the child or a sibling of the child that is heinous and shocking. In order to terminate parental rights on the basis of the parent's abuse of the child or a sibling of the child that is heinous and shocking, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;

2. The parent abused the child or a sibling of the child;

3. The abuse was heinous and shocking; and,

4. Termination of parental rights is in the best interests of the child.

Statutory Authority: 10A O.S. Supp.2010, §§ 1–4–904(B)(9)

### Notes on Use

The definitions of abuse and heinous and shocking abuse that come after this Instruction should be used with this Instruction.

The ground for termination in 10A Okla, Stat. Supp.2010, § 14–904(9) is heinous or shocking abuse, but the corresponding definition in 10A Okla. Stat. Supp.2010, § 1–1–105(31) refers to heinous and shocking abuse. The Committee has concluded that these terms should be treated as synonymous. For a statutory definition of sibling, see 10A Okla. Stat. Supp.2010, § 1–1–105(61).

### Juvenile Instruction No. 3.10
### Definition Of Abuse

"Abuse" means harm or threatened harm to a child's health, safety or welfare, including but not limited to nonaccidental physical or mental injury, sexual abuse, or sexual exploitation. Abuse does not include a parent's use of ordinary force as a means of discipline including, but not limited to, spanking, switching, or paddling.

"Harm or threatened harm to the health or safety of a child" means any real or threatened physical, mental, or emotional injury or damage to the body or mind that is not accidental including but not limited to sexual abuse, sexual exploitation, neglect, or dependency.

"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.

"Sexual exploitation" includes but is not limited to allowing, permitting, or encouraging a child to engage in prostitution, as defined by law, by a person responsible for the health, safety, or welfare of a child, or allowing, permitting, encouraging, or engaging in the lewd, obscene, or pornographic, as defined by law, photographing, filming, or depicting of a child in those acts.

Statutory Authority: 10A O.S. Supp.2010, § 1–1405(2).

—

### Juvenile Instruction No. 3.11
### Definition Of Heinous And Shocking Abuse

"Heinous and shocking abuse" includes, but is not limited to, aggravated physical abuse that results in serious bodily, mental, or emotional injury. "Serious bodily injury" means injury that involves:

a. a substantial risk of death,

b. extreme physical pain,

c. protracted disfigurement,

d. a loss or impairment of the function of a body member, organ, or mental faculty,

e. an injury to an internal or external organ or the body,

f. a bone fracture,

g. sexual abuse or sexual exploitation,

h. chronic abuse including, but not limited to, physical, emotional, or sexual abuse, or sexual exploitation which is repeated or continuing,

i. torture that includes, but is not limited to, inflicting, participating in or assisting in inflicting intense physical or emotional pain upon a child repeatedly over a period of time for the purpose of coercing or terrorizing a child or for the purpose of satisfying the craven, cruel, or prurient desires of the perpetrator or another person, or

j. any other similar aggravated circumstance.

Statutory Authority: 10A O.S. Supp.2010, § 1–1–105(31).

## Juvenile Instruction No. 3.12

### Heinous And Shocking Neglect

The State seeks to terminate the parent's rights on the basis of the parent's neglect of the child or a sibling of the child that is heinous and shocking. In order to terminate parental rights on the basis of the parent's neglect of the child or a sibling of the child that is heinous and shocking, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;

2. The parent neglected the child or a sibling of the child;

3. The neglect was heinous and shocking; and,

4. Termination of parental rights is in the best interests of the child.

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(9).

### Notes on Use

The definitions of neglect and heinous and shocking neglect that come after this Instruction should be used with this Instruction.

## Juvenile Instruction No. 3.13

### Definition Of Neglect

"Neglect" means:

a. the failure or omission to provide any of the following:

(1) adequate nurturance and affection, food, clothing, shelter, sanitation, hygiene, or appropriate education,

(2) medical, dental, or behavioral health care,

(3) supervision or appropriate caretakers, or

(4) special care made necessary by the physical or mental condition of the child,

b. the failure or omission to protect a child from exposure to any of the following:

(1) the use, possession, sale, or manufacture of illegal drugs,

(2) illegal activities, or

(3) sexual acts or materials that are not age-appropriate, or

c. abandonment.

Neglect does not include the parent's selecting and depending upon spiritual means alone through prayer, in accordance with the tenets and practice of a recognized church or religious denomination, for the treatment or cure of disease or remedial care of a child.

Statutory Authority: 10A O.S. Supp.2010, § 1–1–105(46).

## Juvenile Instruction No. 3.14

### Definition Of Heinous And Shocking Neglect

"Heinous and shocking neglect" includes, but is not limited to:

a. chronic neglect that includes, but is not limited to, a persistent pattern of family functioning in which the caregiver has not met or sustained the basic needs of a child which results in harm to the child,

b. neglect that has resulted in a diagnosis of the child as a failure to thrive,

c. an act or failure to act by a parent that results in the death or near death of a child or sibling, serious physical or emotional harm, sexual abuse, sexual exploitation, or presents an imminent risk of serious harm to a child, or

d. any other similar aggravating circumstance.

"Sexual abuse" includes, but is not limited to, rape, incest and lewd or indecent acts or proposals made to a child, as defined by law.

"Sexual exploitation" includes but is not limited to allowing, permitting, or encouraging a child to engage in prostitution, as defined by law, by a person responsible for the health, safety, or welfare of a child, or allow-

ing, permitting, encouraging, or engaging in the lewd, obscene, or pornographic, as defined by law, photographing, filming, or depicting of a child in those acts.

Statutory Authority: 10A O.S. Supp.2010, §§ 1–1–105(32), 1–1–105(2)(1), (c).

**Juvenile Instruction No. 3.15**

**Failure To Protect Child From Heinous And Shocking Abuse**

The State seeks to terminate the parent's rights on the basis of the parent's failure to protect the child or a sibling of the child from heinous and shocking abuse. In order to terminate parental rights on the basis of the parent's failure to protect the child or a sibling of the child from heinous and shocking abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent knew or reasonably should have known of abuse to the child or a sibling of the child;
3. The abuse was heinous and shocking;
4. The parent failed to protect the child or a sibling of the child from the heinous and shocking abuse; and,
5. Termination of parental rights is in the best interests of the child.

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(9).

**Notes on Use**

Instructions Nos. 3.10 and 3.11, which contain the definitions of abuse and heinous and shocking abuse, should be used with this Instruction.

**Juvenile Instruction No. 3.16**

**Failure To Protect Child From Heinous And Shocking Neglect**

The State seeks to terminate the parent's rights on the basis of the parent's failure to protect the child or a sibling of the child from heinous and shocking neglect. In order to terminate parental rights on the basis of the parent's failure to protect the child or a sibling of the child from heinous and shocking abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent knew or reasonably should have known of neglect to the child or a sibling of the child;
3. The neglect was heinous and shocking;
4. The parent failed to protect the child or a sibling of the child from the heinous and shocking neglect; and,
5. Termination of parental rights is in the best interests of the child.

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(9).

**Notes on Use**

The definitions of neglect and heinous and shocking neglect in Instructions Nos. 3.13 and 3.14 should be used with this Instruction.

**Juvenile Instruction No. 3.17**

**Heinous And Shocking Abuse Or Failure To Protect Child From Heinous And Shocking Abuse**

The State seeks to terminate the parent's rights on the basis of the parent's heinous and shocking abuse of the child or a sibling of the child or the failure to protect the child or a sibling of the child from heinous and shocking abuse, In order to terminate parental rights on the basis of the parent's heinous and shocking abuse of the child or a sibling of the child or the failure to. protect the child or a sibling of the child from heinous and shocking abuse, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent has either abused the child or a sibling of the child;

**OR**

3. The parent knew or reasonably should have known of abuse to the child or a sibling of the child;

4. The parent failed to protect the child or a sibling of the child from the abuse;

5. The abuse was heinous and shocking; and,

6. Termination of parental rights is in the best interests of the child.

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(9).

**Notes on Use**

Instructions Nos, 3.10 and 3.11, which contain the definitions of abuse and heinous and shocking abuse, should be used with this Instruction.

## Juvenile Instruction No. 3.18

### Heinous And Shocking Neglect Or Failure to Protect Child From Heinous And Shocking Neglect

The State seeks to terminate the parent's rights on the basis of the parent's heinous and shocking neglect of the child or a sibling of the child or the failure to protect the child or a sibling of the child from heinous and shocking neglect. In order to terminate parental rights on the basis of the parent's heinous and shocking neglect of the child or a sibling of the child or the failure to protect the child or a sibling of the child from heinous and shocking neglect, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;

2. The parent has neglected the child or a sibling of the child;

**OR**

2. The parent knew or reasonably should have known of neglect to the child or a sibling of the child;

3. The parent failed to protect the child or a sibling of the child from the neglect;

4. The neglect was heinous and shocking; and,

5. Termination of parental rights is in the best interests of the child.

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(9).

**Notes on Use**

Instructions Nos. 3.13 and 3.14, which contain the definitions of neglect and heinous and shocking neglect, should be used with this Instruction.

## Juvenile Instruction No. 3.19

### Abuse Subsequent To Previous Abuse Or Neglect

The State seeks to terminate the parent's rights on the basis of abuse subsequent to previous **abuse/neglect** of the child or a sibling of the child. In order to terminate parental rights on the basis of abuse subsequent to previous **abuse/neglect,** the State must prove by clear and convincing evidence each of the following elements:

1. The child has been adjudicated to be deprived;

2. The parent has previously **abused/neglected** the child or a sibling of the child or failed to protect the child or a sibling of the child from **abuse/neglect** that the parent knew or reasonably should have known of;

3. After the previous **abuse/neglect,** the parent has abused the child or a sibling of the child or failed to protect the child or a sibling of the child from abuse that the parent knew or reasonably should have known of and,

4. Termination of parental rights is in the best interests of the child.

Statutory Authority: 10A O.S. Supp.2010, §§ 1–4–904(3)(10), 1–1–105(2), 1–1–105(46).

### Notes on Use

The trial court should select the appropriate definitions or parts of the definitions that are supported by the evidence.

### Juvenile Instruction No. 3.20

#### Child Conceived As A Result Of Rape

The State seeks to terminate the parent's rights on the basis that the child was conceived as a result of rape. In order to terminate parental rights on the basis that the child was conceived as a result of rape, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated to be deprived;
2. The child was conceived as a result of a rape committed by the parent; and,
3. Termination of parental rights is in the best interests of the child.

Rape is an act of sexual intercourse under the following circumstances: **[Specify Grounds for Rape in 21 O.S.2001, § 1111].**

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(11).

### Juvenile Instruction No. 3.21

#### Incarceration Of Parent

The State seeks to terminate the parent's rights on the basis that the parent is incarcerated. In order to terminate the parental rights on the basis that the parent is incarcerated, the State must prove by clear and convincing evidence that:

1. The child has been adjudicated deprived;
2. The parent is incarcerated;
3. The continuation of parental rights would result in harm to the child; and,
4. Termination of parental rights is in the best interests of the child.

In determining whether the continuation of parental rights would result in harm to the child you may consider the following factors, among others:

1. The duration of imprisonment and its detrimental effect on the parent/child relationship;
2. Any previous convictions resulting in involuntary confinement in a secure facility;
3. The parent's history of criminal behavior, including crimes against children;
4. The age of the child;
5. Any evidence of abuse or neglect or failure to protect from abuse or neglect of the child or siblings of the child by the parent;
6. The current relationship between the parent and the child; and,
7. The manner in which the parent has exercised parental rights and duties in the past.

The fact that a parent is incarcerated is not, in and of itself, sufficient to deprive a parent of parental rights.

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(12).

### Juvenile Instruction No. 3.22

#### Cognitive Disorder, Incapacity, Or Medical Condition

The State seeks to terminate the parent's rights on the basis of the **parent's(diagnosed cognitive disorder)/(extreme physical incapacity)/(medical condition).** In order to terminate parental rights on the basis of a parent's **(diagnosed cognitive disorder)/(extreme physical incapacity)/(medical condition),** the State must prove by clear and convincing evidence each of the following elements:

1. The child has been adjudicated deprived;
2. The parent has a **(diagnosed cognitive disorder)/(extreme physical incapacity)/(medical condition)** which renders the parent incapable of adequately and appropriately exercising parental rights, duties and responsibilities within a reasonable time considering the age of the child;
3. Allowing the parent to have custody would cause the child actual harm or harm in the near future; and,

4. Termination of parental rights is in the best interests of the child.

A parent's refusal or pattern of noncompliance with treatment, therapy, medication, or assistance from outside the home can be used as evidence that the parent is incapable of adequately and appropriately exercising parental rights, duties, and responsibilities.

A finding that a person suffers from a **(diagnosed cognitive disorder)/(extreme physical incapacity)/(medical condition)** is not in and of itself sufficient to terminate parental rights.

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(13).

### Notes on Use

The trial judge should tailor this Instruction by selecting the appropriate condition of the parent and should give the second to last sentence concerning the parent's refusal or pattern of noncompliance with treatment only if it is supported by the evidence.

### Juvenile Instruction No. 3.23
### Conditions From Previous Deprived Adjudication Have Occurred Again

The State seeks to terminate the parent's rights on the basis that the **condition/condi**-tions that led to a previous deprived adjudication of **(the child)/(a sibling of the child)** **has/have** occurred again. In order to terminate parental rights on this basis, the State must prove by clear and convincing evidence each of the following elements:

1. The child has been adjudicated to be deprived in this case;

2. There has been a previous deprived adjudication of **(the child)/(a sibling of the child)**;

3. The **condition/conditions** that led to the deprived adjudication in this case **was/were** the subject of the previous deprived adjudication, and the parent was given an opportunity to correct the **condition/conditions** in the previous case; and,

4. Termination of parental rights is in the best interests of the child.

Statutory Authority: 10A O.S. Supp.2010, § 1–4–904(B)(14).

Modified January 21, 2011 by the Committee on Uniform Jury Instructions for Juvenile Cases and Adopted by the Oklahoma Supreme Court effective April 18, 2011

### Chapter Four
### Minor In Need Of Treatment

### List Of Contents

Juvenile
Instruction
No.     Title                                                                                    Page

4.1     Duties of Jurors—To Be Given Prior To Deliberation ................... 188
4.2     Statement Of The Case .................................................. 188
4.3     Definition Of "Minor In Need of Treatment" .......................... 188
4.4     Definition Of "Mental Illness" ....................................... 189
4.5     Definition Of "Inpatient Treatment" ................................. 189
4.6     Expert Witnesses ...................................................... 189
4.7     Elements Required For Finding That Minor Is In Need Of Treatment ..... 190
4.8     Burden of Proof—Clear And Convincing Evidence ....................... 191
4.9     Verdict Form—Minor In Need Of Treatment ............................. 191
4.10    Verdict Form—Minor Not In Need Of Treatment ........................ 191

## Juvenile Instruction No. 4.1

### Duties of Jurors—To Be Given Prior To Deliberation

Since all the evidence in this case has been given to you, it is now my duty, under the law, to give you the instructions that apply in this trial. The instructions contain all rules of the law that are to be applied by you in this case, and all the rules of law by which you are to weigh the evidence and determine the facts in issue in deciding this case and in reaching a verdict. You must consider the instructions as a whole and not as a part to the exclusion of the rest. All the testimony and evidence which it is proper for you to consider has been introduced in this case. You should not consider any matter of fact or of law except what has been given to you while this court is or has been in session.

It is your responsibility as jurors to determine the facts from the evidence, to follow the rules of law as stated in these instructions, to reach a fair and impartial verdict as you have sworn you would do. You must not use any method of chance in arriving at a verdict, but must base your verdict on the judgment of each juror.

### Committee Comments

This instruction is based on OUJI–CR 101 and 10–2.

## Juvenile Instruction No. 4.2

### Statement Of The Case

This trial is the result of a petition filed by the State of Oklahoma alleging that the child is a minor in need of treatment.

The State alleged in the petition the following:

[Set out the material allegations of the petition regarding allegations that the child is a minor in need of treatment]

The petition is only the means by which a case is initiated, and the State's allegations in the petition are not evidence in the case.

### Committee Comments

Although the jury should be informed of the material allegations of a petition alleging a child is a minor in need of treatment, the petition itself should not be read to the jury. *See Marathon Battery Co. v. Kilpatrick,* 1966 OK 268 [1965 OK 212], ¶ 60, 418 P.2d 900, 915 ("it is not good practice to formulate the issues by reading at large from the pleadings").

## Juvenile Instruction No. 4.3

### Definition Of "Minor In Need of Treatment"

A "minor in need of treatment" means any person under eighteen years of age who:

1) has a demonstrable mental illness; and

2) as a result of that mental illness can be expected within the near future to inflict or attempt to inflict serious bodily harm to **himself/herself** or another person; and

3) has engaged in one or more recent overt acts or made significant recent threats which substantially support that expectation.

### OR

has a demonstrable mental illness of sufficient severity to cause substantial impairment or disability in at least two of the following major areas of functioning in the life of the minor:

1) family relations,

2) school performance,

3) social interactions,

4) ability to perform independently the basic tasks of personal hygiene, hydration and nutrition, or

5) self-protection.

A determination regarding the ability of the minor to perform independently such basic tasks shall be based upon the age of the minor and the reasonable and appropriate expectation of the abilities of a minor of such age to perform such tasks.

### OR

1) is **drug/alcohol** dependent; and

2) as a result of that dependency can be expected within the near future to inflict or attempt to inflict serious bodily harm to **himself/herself** or another person; and

3) has engaged in one or more recent overt acts or made significant recent threats which substantially support that expectation.

### OR

is **drug/alcohol** dependent of sufficient severity to cause substantial impairment or disability in at least two of the following major areas of functioning in the life of the minor:

  1) family relations,

  2) school performance,

  3) social interactions,

  4) ability to perform independently the basic tasks of personal hygiene, hydration and nutrition, or

  5) self-protection.

A determination regarding the ability of the minor to perform independently such basic tasks shall be based upon the age of the minor and the reasonable and appropriate expectation of the abilities of a minor of such age to perform such tasks.

The term "minor in need of treatment" shall not mean a minor afflicted with epilepsy, a developmental disability, organic brain syndrome, physical handicaps, brief periods of intoxication caused by such substances as alcohol or drugs or who is truant or sexually active unless the minor also meets the criteria for a minor in need of treatment.

Statutory Authority: 43A O.S. Supp.2010, § 5–502(A)(1), (2).

### Notes on Use

The trial judge should select any grounds that are supported by the evidence for a finding that the child is a minor in need of treatment.

### Juvenile Instruction No. 4.4
#### Definition Of "Mental Illness"

"Mental illness" means a substantial disorder of the child's thought, mood, perception, psychological orientation or memory that demonstrably and significantly impairs judgment, behavior or capacity to recognize reality or to meet the ordinary demands of life. "Mental illness" may include substance abuse, which is the use, without compelling medical reason, of any substance which results in psychological or physiological dependency as a function of continued use in such a manner as to induce mental, emotional, or physical impairment and cause socially dysfunctional or socially disordering behavior.

Statutory Authority: 43A O.S. Supp.2010, § 5–502(A)(11).

### Juvenile Instruction No. 4.5
#### Definition Of "Inpatient Treatment"

"Inpatient treatment" means treatment services offered or provided for a continuous period of more than twenty-four (24) hours in residence after admission to a mental health or substance abuse treatment facility for the purpose of observation, evaluation or treatment.

Statutory Authority: 43A O.S. Supp.2010, § 5–502(A)(5).

### Juvenile Instruction No. 4.6
#### Expert Witnesses

You have heard the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgement to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any

other witness, is to be given such value as you think it is entitled to receive.

### Committee Comments

This instruction is OUJI–CIV 2d No. 3.21.

---

### Juvenile Instruction No. 4.7
### Elements Required For Finding That Minor Is In Need Of Treatment

The State seeks a finding that the child is a minor in need of treatment. For a finding that the child is a minor in need of treatment, the State must prove by clear and convincing evidence each of the following elements:

1) The child is in need of the treatment proposed in the individualized treatment plan and is likely to benefit from the treatment; and

2) The child has a demonstrable mental illness: and

3) As a result of that mental illness, the child can be expected within the near future to inflict or attempt to inflict serious bodily harm to **himself/herself** or another person if services are not provided; and

4) The child has engaged in one or more recent overt acts or made significant recent threats which substantially support that expectation.

**OR**

1) The child is in need of the treatment proposed in the individualized treatment plan and is likely to benefit from the treatment; and

2) The child has a demonstrable mental illness of sufficient severity to cause substantial impairment or disability in at least two of the following major areas of functioning in the life of the minor:

  1) family relations,

  2) school performance,

  3) social interactions,

  4) ability to perform independently the basic tasks of personal hygiene, hydration and nutrition, or

  5) self-protection.

A determination regarding the ability of the minor to perform independently such basic tasks shall be based upon the age of the minor and the reasonable and appropriate expectation of the abilities of a minor of such age to perform such tasks.

**OR**

1) The child is in need of the treatment proposed in the individualized treatment plan and is likely to benefit from the treatment; and

2) The child is **drug/alcohol** dependent; and

3) As a result of that **drug/alcohol** dependence can be expected within the near future to inflict or attempt to inflict serious bodily harm to **himself/herself** or another person if services are not provided; and

4) The child has engaged in one or more recent overt acts or made significant recent threats which substantially support that expectation.

**OR**

1) The child is in need of the treatment proposed in the individualized treatment plan and is likely to benefit from the treatment; and

2) The child is **drug/alcohol** dependent of sufficient severity to cause substantial impairment or disability in at least two of the following major areas of functioning in the life of the minor:

  1) family relations,

  2) school performance,

  3) social interactions,

  4) ability to perform independently the basic tasks of personal hygiene, hydration and nutrition, or

  5) self-protection.

A determination regarding the ability of the minor to perform independently such basic tasks shall be based upon the age of the minor and the reasonable and appropriate

expectation of the abilities of a minor of such age to perform such tasks.

The term "minor in need of treatment" shall not mean a minor afflicted with epilepsy, a developmental disability, organic brain syndrome, physical handicaps, brief periods of intoxication caused by such substances as alcohol or drugs or who is truant or sexually active unless the minor also meets the criteria for a minor in need of treatment.

Statutory Authority: 43A O.S. Supp.2010, § 5–512(A).

### Committee Comments

The Committee has concluded that the jury should determine only the matters relating to status that are to be decided at the hearing in 43A O.S. Supp.2010, § 5–512(A), and that the matters relating to disposition set out in the remainder of 43A O.S. Supp.2010, § 5–512 are to be determined by the judge, because they are to be determined after the hearing.

There is an inconsistency between the definition of a "minor in need of treatment" in 43A O.S. Supp.2010 § 5–502(A) and what the court is required to determine at the hearing under 43A 0.5. Supp. 2010, § 5–512(A). The definition in 43A 0.5. Supp.2010, § 5–502(A) includes both 1) a minor who can be expected to inflict serious injury and has engaged in recent overt acts and 2) a minor who has substantial impairment in at least two major areas of functioning. In contrast, 43A O.S. Supp.2010, § 5–512(A) refers only to a minor who can be expected to inflict serious injury and has engaged in recent overt acts. The Committee has concluded that this instruction should reflect the definition in 43A O.S. Supp.2010, § 5–502(A).

### Juvenile Instruction No. 4.8
### Burden of Proof—Clear And Convincing Evidence

When I say that the State has the burden of proving that the child is a minor in need of treatment by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that it is highly probable and free from serious doubt that the child is a minor in need of treatment by clear and convincing evidence.

### Juvenile Instruction No. 4.9
### Verdict Form—Minor Is In Need Of Treatment

IN THE DISTRICT COURT OF
_____ COUNTY
STATE OF OKLAHOMA

[JUVENILE DIVISION]

IN THE MATTER OF:

AN ALLEGED MINOR IN NEED OF TREATMENT

CASE NO. JD-

### VERDICT

We, the jury, empaneled and sworn in the above entitled cause, do upon our oath, find by clear and convincing evidence that the child, [NAME], is A MINOR IN NEED OF TREATMENT.

_____

FOREPERSON

_____

_____

_____

_____

_____

### Juvenile Instruction No. 4.10
### Verdict Form—Minor Is Not In Need Of Treatment

IN THE DISTRICT COURT OF
_____ COUNTY
STATE OF OKLAHOMA

[JUVENILE DIVISION]

IN THE MATTER OF:

AN ALLEGED MINOR IN NEED OF TREATMENT

CASE NO. JD-

**VERDICT**

We, the jury, empaneled and sworn in the above entitled cause, do upon our oath, find that the child, **[NAME]**, is NOT A MINOR IN NEED OF TREATMENT.

_____

FOREPERSON

_____
_____
_____
_____
_____
_____
_____

Approved January 21, 2011 by the Committee on Uniform Jury Instructions for Juvenile Cases and Adopted by the Oklahoma Supreme Court effective April 18, 2011

## Chapter Five
## Indian Child Welfare Act

### List Of Contents

Juvenile
Instruction
No.      Title                                                                Page

         Introductory Note ................................................... 192
5.1      Purpose Of Termination Proceeding................................... 194
5.2      Two Standards For Burden Of Proof For Termination Of Parental
         Rights ............................................................. 195
5.3      Grounds For Termination Of Parental Rights ......................... 195
5.4      Instructions For Verdict Forms ..................................... 196

## Chapter Five
## INDIAN CHILD WELFARE ACT

### Introductory Note

This Chapter provides jury instructions for the adjudication of deprived status and termination of parental rights found in Oklahoma state courts in cases in which the Indian Child Welfare Act (hereinafter "ICWA") is applicable. Only the instructions that differ in ICWA cases from non-ICWA cases are given in this Chapter Five; the trial judge should also use the other applicable instructions from Chapters One, Two and Three that are not modified for ICWA cases. In addition, the Notes on Use and Committee Comments for the instructions in this Chapter are directed only to the use of the instructions in ICWA cases; for Notes on Use and Committee Comments that are applicable to non-ICWA cases as well, see the Notes on Use and Committee Comments to the corresponding instructions in Chapters One, Two and Three.

The ICWA provides in part:

**d) Remedial services and rehabilitative programs; preventive measures**

Any party seeking to effect a foster care placement of, or termination of parental rights to, an Indian child under State law shall satisfy the court that active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proved unsuccessful.

**(e) Foster care placement orders; evidence; determination of damage to child**

No foster care placement may be ordered in the absence of a determination, supported by clear and convincing evidence, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian

custodian is likely to result in serious emotional or physical damage to the child.

**(f) Parental rights termination orders; evidence; determination of damage to child**

No termination of parental rights may be ordered ... in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C. § 1912(d), (e), (f).

**The "Active Efforts" Requirement**

Section 1912(d), *supra*, requires in any proceeding to effect foster care placement or termination of parental rights to an Indian child, a showing that "active efforts have been made to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family and that these efforts have proven unsuccessful." The Oklahoma Court of Civil Appeals decided in *In re JS*, 2008 OK CIV APP 15, ¶ 5, 177 P.3d 590, 591, that this requirement is "a *predicate* finding of the trial court made *before* a termination case may proceed." (emphasis in original) The Committee has also concluded that whether this requirement has been satisfied is an issue for the judge, rather than the jury. The trial judge will have familiarity with the various remedial services and rehabilitative programs that are available, and therefore, the trial judge is in a position to determine whether active efforts to provide them have been made before allowing a case to be presented to the jury. Accordingly, this Chapter does not include a jury instruction on this issue. The judge's determination with respect to active efforts should be made by the trial court prior to or simultaneously with a proceeding for adjudication of deprived status or termination of parental rights. There is no precise definition for what constitutes "active efforts," and it should be determined by the court on a case by case basis. *In re*

*J.S.*, 2008 OK CIV APP 15, ¶ 7, 177 P.3d 590, 592. In making this determination, the trial court must find by clear and convincing evidence that there was more effort to provide remedial services and rehabilitative programs designed to prevent the breakup of the Indian family than the "reasonable effort" standard applicable to non-ICWA cases. *Id.* ("To use the trial court's metaphor, "active efforts" requires 'leading the horse to water.' ").

**Expert Witnesses**

Testimony of qualified expert witnesses is required under the ICWA for termination of parental rights. 25 U.S.C. § 1912(f). Although Juvenile Instruction No. 5.3 includes as an element that there is testimony from at least one expert witness, it does not require the jury to determine whether the expert witness is qualified, since trial judges generally rule on the qualifications of expert witnesses, rather than juries. The trial judge's ruling on the qualification of expert witnesses should be guided by the Oklahoma Supreme Court's decision in *Matter of N.L.*, 1988 OK 39, ¶¶ 15–18, 754 P.2d 863, 867. The Supreme Court held that a trial court is required to consider the testimony of qualified expert witnesses in ICWA cases in order to provide the court with knowledge of the social and cultural aspects of Indian life and diminish the risk of any cultural bias. *Id.* ¶ 17. In cases in which cultural bias is not implicated, however, such as cases involving physical abuse or sexual abuse of a child, the expert witness does not need to possess special knowledge of Indian life. *Id.* ¶ 18. The Supreme Court also pointed out that, while the BIA guidelines for state courts are not binding, they are instructive in terms of who may possess the qualifications of an expert witness for ICWA cases. The Supreme Court quoted the following from the BIA guidelines in 44 Federal Register 67584, 67593 (1979):

D.4   Qualified Expert Witnesses

(a) Removal of an Indian child from his or her family must be based on competent testimony from one or more experts qualified to speak specifically to the issue of whether continued custody by the

parents or Indian custodians is likely to result in serious physical or emotional damage to the child. (b) Persons with the following characteristics are most likely to meet the requirements for a qualified expert witness for purposes of Indian child custody proceedings. (i) A member of the Indian child's tribe who is recognized by the tribal community as knowledgeable in tribal customs as they pertain to family organization and childrearing practices. (ii) A lay expert witness having substantial experience in the delivery of child and family services to Indians, and extensive knowledge of prevailing social and cultural standards and childrearing practices within the Indian child's tribe. (iii) A professional person having substantial education and experience in the area of **his** or her specialty. (c) The court or any party may request the assistance of the Indian child's tribe or the Bureau of Indian Affairs agency serving the Indian child's tribe in locating persons qualified to serve as expert witnesses.

### Dual Standard Of Proof For Termination Of Parental Rights

The Oklahoma Court of Civil Appeals held in *In re Adoption of R.L.A.*, 2006 OK CIV APP 138, ¶ 15, 147 P.3d 306, 310, that the reasonable doubt "burden of proof provided in [25 U.S.C.] § 1912(f) applies only to the specific factual determination required by that section." The *R.L.A.* decision concluded that because it could not find a proper basis for imposing a higher standard of proof on the other issues in a termination case involving an Indian child than if the case did not involve an Indian child, the clear and convincing standard of proof applied to the state law requirements for termination of parental rights. *Id.* Appellate courts in Alaska, Arizona, Colorado, Kansas, Maine, Michigan, Nebraska, Nevada, New York, North Carolina, North Dakota, Utah, Washington, and Wisconsin have reached the same conclusion. *Valerie M. v. Arizona Dept. of Economic Sec.*, 219 Ariz. 331, 335, 198 P.3d 1203, 1207 (Ariz. 2009) ("[N]early every other state court

that has considered this issue has concluded that ICWA allows states to specify the standard of proof for state-law findings distinct from the findings required by ICWA."); *In re N.J.* [125 Nev. 835], 221 P.3d 1255, 1260–61 (Nev.2009); *In re Termination of Parental Rights to Daniel R.S.*, 286 Wis.2d 278, 321, n. 6, 706 N.W.2d 269 (2005). Accordingly, Juvenile Instruction No. 5.2 states that there are two standards for the burden of proof for termination of parental rights, defines the clear and convincing evidence standard, and then states that the reasonable doubt standard of proof is a higher standard of proof. In addition, Juvenile Instruction 5.3 incorporates the applicable Oklahoma grounds for termination of parental rights and then sets forth the additional requirement of proof beyond a reasonable doubt, including the testimony of at least one expert witness that continued custody of the child by the parent or legal custodian is likely to result in serious emotional or physical damage to the child.

---

### Juvenile Instruction No. 5.1

#### Purpose Of Termination Proceeding

The purpose of a termination proceeding is to decide whether to break the parental bond. The case is concerned with four separate interests:

1. The parent's right to custody and control of a child.
2. The State's responsibility to protect a child under eighteen (18) years.
3. The child's right to a wholesome place to live, free from abuse and neglect.
4. The right of the Indian child's tribe to stability and security.

The interest of the parent, the State, the Indian child's tribe, and the child must be carefully weighed. The State's responsibility to protect the child must be balanced against the interest of a parent in the custody and control of a child. It is also the policy of the government to prevent the breakup of the Indian family in order to promote the stability and security of Indian tribes.

The right of a parent to the custody and control of a child is a fundamental right protected by the Federal and State Constitutions. While the rights of a parent are important and entitled to protection, they must be balanced against those of a child, and where they conflict, the child's rights should be protected.

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 1.1.

### Committee Comments

This Instruction incorporates the Congressional declaration of policy for ICWA cases in 25 U.S.C. § 1902.

---

**Juvenile Instruction No. 5.2**

**Two Standards For Burden Of Proof For Termination Of Parental Rights**

The State has the burden of proving beyond a reasonable doubt that the continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child. The State has the burden of proving by clear and convincing evidence all of the other requirements for the termination of parental rights. You may return a verdict finding that parental rights are terminated only if you find that the State has satisfied both of these burdens of proof.

When I say that the State has the burden of proving a proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt. When I say that the State has the burden of proving a proposition beyond a reasonable doubt, I mean a higher standard of proof than clear and convincing evidence.

[For purposes of this case, you are required to accept the following matters as true: List any issues that are not for the jury to decide either because they have been stipulated to by the parties or are not jury issues].

### Notes on Use

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 2.5.

### Committee Comments

The Oklahoma Court of Criminal Appeals has criticized the giving of a definition of reasonable doubt. *Young v. State,* 1962 OK CR 70, ¶ 22, 373 P.2d 273, 278 ("We agree with our predecessors that the trial court should not undertake to define the terms "reasonable doubt,...."); *Moore v. State,* 1950 OK CR, 214 P.2d 966, 968, 90 Okla.Crim.App. [Okla.Crim.] 415, 418 ("[S]uch an instruction has been condemned in this jurisdiction from territorial days to the present time.").

---

**Juvenile Instruction No. 5.3**

**Grounds For Termination Of Parental Rights**

[Set out the applicable Jury Instruction for the grounds for termination from Chapter Three, and then add the following element for each ground for termination:]

And in addition the State must prove beyond a reasonable doubt that the continued custody by the parent is likely to result in serious emotional or physical damage to the child, as supported by the testimony of at least one expert witness.

---

Statutory Authority: 25 U.S.C. § 1912(f).

### Notes on Use

If there are multiple statutory grounds for termination, they should all be included in this Instruction.

### Committee Comments

The definition of parent in the Indian Child Welfare Act does not include a putative father. 25 U.S.C. § 1903(9) defines parent as: "any biological parent or parents of an Indian child or any Indian per-

son who has lawfully adopted an Indian child, including adoptions under tribal law or custom. It does not include an unwed father where paternity has not been acknowledged or established."

---

Juvenile Instruction No. 5.4

**Instructions For Verdict Forms**

**[Use for cases where only one ground for termination is alleged.]** If you find that the State has proved by clear and convincing evidence that the parental rights of the parent, **[NAME]** to the child, **[NAME]**, should be terminated on the ground that **[Set forth ground for termination—**_E.g._**, the rights of the parent to another child have been terminated, and the conditions that led to the prior termination of parental rights have not been corrected]**, you should then go on to determine whether the State has proved beyond a reasonable doubt that continued custody of the child by the parent is likely to result in serious emotional or physical damage to the child.

If you decide that the State has satisfied all the requirements by the applicable standards of proof, then you should sign and return the verdict form entitled Terminate Parental Rights for that parent and that child. Otherwise, you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

**OR**

**[Use for cases where multiple grounds for termination are alleged.]** If you find that the State has proved by clear and convincing evidence that the parental rights of the parent, **[NAME]** to the child, **[NAME]**, should be terminated on one or more grounds, you should then go on to determine whether the State has proved beyond a reasonable doubt that continued custody of the child by the **parent** is likely to result in serious emotional or physical damage to the child.

If you decide that the State has satisfied all the requirements by the applicable standards of proof, then you should sign and return the verdict form entitled Terminate Parental Rights for every ground for that parent and that child that the State has proved. It is not necessary that the same five people sign each verdict form.

If you do not find that the State has proved by clear and convincing evidence that the parental rights of the parent, **[NAME]** to the child, **[NAME]**, should be terminated on any ground, or you do not find the State has proved beyond a reasonable doubt that continued custody of the child by the **parent** is likely to result in serious emotional or physical damage to the child, then you should sign and return the verdict form entitled Do Not Terminate Parental Rights for that parent and that child.

Notify the Bailiff when you have arrived at a verdict so that you may return it in open court.

**Notes on Use**

This Instruction should be given for ICWA cases instead of Juvenile Instruction No. 2.37.

---

ATTACHMENT

2011 OK 23

IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

IN RE: AMENDMENTS TO THE OKLAHOMA UNIFORM JURY INSTRUCTIONS FOR JUVENILE CASES

SCAD 2011–24

FOR OFFICIAL PUBLICATION

_ORDER ONLY_

¶ 0 CORRECTION ORDER

¶ 1 On March 29, 2011, this Court entered an order adopting amendments to the Oklahoma Uniform Jury Instruction for Juvenile Cases. These amendments to the Oklahoma Uniform Jury Instruction for Juvenile Cases are corrected as follows: in the second sen-

tence of the Notes on Use to Juvenile Instruction No. 2.8 found on page 29, "§ 2.39" is changed to "§ 2.9."

¶ 2 It is therefore ordered that this correction shall be incorporated into the amended Oklahoma Uniform Civil Jury Instructions for Juvenile Cases adopted on March 29, 2011, for publication on the Internet from the Court website at www.oscn.net and by West Publishing Company. The Administrative Office of the Courts is directed to incorporate this correction into the digital copies of the amended Oklahoma Uniform Civil Jury Instructions for Juvenile Cases provided via email to the judges of the District Courts.

¶ 3 As stated in the March 29, 2011 order, this Court declines to relinquish its constitutional or statutory authority to review the legal correctness of the authorized instructions when it is called upon to afford corrective relief in any adjudicative context.

¶ 4 Nothing in this order changes the effective date of the March 29, 2011 amendments. The effective date of the amendments with today's correction is April 18, 2011.

DONE BY ORDER OF THE SUPREME COURT this 11TH day of April, 2011.

ATTACHMENT

**2011 OK 101**

**IN THE SUPREME COURT OF THE STATE OF OKLAHOMA**

In re Amendment to 12 O.S. Ch. 2, App., Rules for the District Courts of Oklahoma, Creating New Rule 31.

SCAD No. 2011–86

**FOR OFFICIAL PUBLICATION**

¶ 0 Order Creating new Rule 31, Rules for the District Courts of Oklahoma.

¶ 1 The Court hereby creates Rule 31, 12 O.S. Ch. 2, App., Rules for the Districts Courts of Oklahoma.

Rules of the District Courts of Oklahoma, Rule 31, is created to read as follow.

RULE 31.   Guidelines for Filers

A.   Responsibility of Filer

The responsibility for following the guidelines set forth below rests solely with counsel, the parties, or any other filer. The Clerk of the Court shall not have any duty to review documents for compliance with this rule. If a filer includes personal identifier information such as Social Security numbers, Tax Identification numbers, Financial Account numbers, Driver's License numbers, dates of birth, addresses or other sensitive information, in any document filed with the courts, electronically or otherwise, the document becomes a public record as filed.

B.   Applicability of the Rule

This Rule does not apply in felony cases, misdemeanor cases, traffic ticket cases, or any other cases where statutory law or Rules and Forms promulgated by the Court of Criminal Appeals require the inclusion of the complete personal identifier number.

C.   Personal Identifier Information

Unless otherwise ordered or as otherwise provided by law, every filer, 'whether filing electronically or otherwise, may limit the following information in all pleadings, papers, exhibits or other documents:

1.   Social Security Numbers: A social security number may include only the last four digits.

2.   Taxpayer Identification Numbers: A taxpayer identification number may include only the last four digits.

3.   Financial Account Numbers: A financial account number may include only the last four digits.

4.   Driver's License: A driver's license number may include only the last four digits.

D.   Confidentiality

Nothing in this rule shall impact the confidentiality of juvenile records or any other records the Legislature has determined are confidential.

¶ 3 Rules for the District Courts of the State of Oklahoma, Rule 31, shall be created by this order and shall take effect December 12, 2011. This order shall be published three times in Oklahoma Bar Journal.

¶ 4 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE

THIS 12th DAY OF December 2011.

COLBERT, V.C.J., WATT, WINCHESTER, EDMONDSON, REIF, COMBS, GURICH, JJ., concur.

TAYLOR, C.J., with whom KAUGER, J., joins, concurring in result.

I concur in result because this rule affirms the doctrine that (other than those sealed or closed by long-established law) *every* document filed with the Court Clerk is a public record. And this rule does not prohibit the inclusion of any information in any filed document. Information included in a document will be determined by the filer.